Matthew K. Richards (#7972)
Justin W Starr (#10708)
KIRTON & McCONKIE
60 East South Temple, #1800
P.O. Box 45120
Salt Lake City, Utah 84111
Telephone:    (801) 328-3600
Facsimile:    (801) 321-4893

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LESTER JON RUSTON,<br><br>    Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; GORDON B. HINCKLEY; VICTOR JAMES RUSTON; MARGARET ELIZABETH RUSTON; JERRY HENDERSON; ALLISON RUSTON-SMITH; MEL CHADWICK; KENT ROBERTSON; IAN JAMES RUSTON; BRAD OATES; AND LARRY K. HERCULES,<br><br>    Defendants. | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Case No.: 2:06cv00526DB<br><br>Judge Benson |

    Defendants The Church of Jesus Christ of Latter-day Saints ("LDS Church" or "the

Church"),[1] Gordon B. Hinckley, and any other defendant (if any) sued in his or her capacity as

---

[1] Although the complaint names The Church of Jesus Christ of Latter-day Saints as a defendant, the Church is an unincorporated voluntary association of its members, is not a legal entity, and is not subject to suit.

an ecclesiastical leader in the LDS Church (the "Church Defendants"), through counsel, submit this memorandum in support of their Motion to Dismiss the Complaint.

## INTRODUCTION

The Prison Litigation Reform Act of 1996 ("PLRA") places restrictions on prisoners who repeatedly file frivolous complaints. If a prisoner has had three or more previous complaints dismissed as frivolous, he is prohibited from going forward *in forma pauperis* in any future complaints unless he can show that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff Lester Jon Ruston has filed numerous complaints in the United States District Court for the Northern District of Texas. Those complaints have all been dismissed as frivolous and Ruston has been prohibited under 28 U.S.C. § 1915(g) from filing further complaints without paying the filing fee. That court has repeatedly seen through Ruston's conclusory allegations of "imminent danger" and has routinely dismissed his complaints. Ruston is now using the same tactics in this court that he has been prohibited from using in that court. Ruston should be required to pay the filing fee or his Complaint should be dismissed. More important, "[n]otwithstanding any filing fee" his Complaint should simply be dismissed because it is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(1). Finally, insofar as any claims can be discerned in the Complaint, they are prohibited by the First Amendment. See *Franco v. The Church of Jesus Christ of Latter-day Saints*, 2001 UT 25 (2001).

## STATEMENT OF FACTS

1.     On January 23, 2002, the United States District Court for the Northern District of Texas dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) a complaint filed by Plaintiff against President George W. Bush and others because it was "frivolous." See *Ruston v. Bush*, 2002 WL 108414 (N.D. Tex. Jan. 23, 2002), attached as Exhibit A.

2. On September 26, 2002, that court dismissed another complaint filed by Plaintiff against several people, including a Dallas County judge, under 28 U.S.C. § 1915(e)(2)(B)(i) because it was "frivolous." See *Ruston v. Hill*, 2002 WL 32359948 (N.D. Tex. Sept. 26, 2002), attached as Exhibit B.

3. On February 28, 2003, that court dismissed another complaint filed by Plaintiff because of his previous frivolous complaints. The Court explained:

> A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. The Court has already dismissed as frivolous three prior actions filed by plaintiff. See *Ruston v. Bush*, No. 3:01-CV-1052-L (N.D. Tex.) (Judgment dated Aug. 29, 2001, that dismisses action as frivolous); *Ruston v. Bush*, No. 3:01-CV-1818-H (N.D. Tex.) (Judgment dated Jan. 23, 2002, that dismisses action as frivolous); *Ruston v. Dallas County*, No. 3:01-CV-2087-H (Judgment dated Oct. 15, 2002, that dismisses action as frivolous). Due to these three prior frivolous actions, plaintiff may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury.

*Ruston v. Continental Motel*, 2003 WL 22946480 (N.D. Tex. Feb. 28, 2003), attached as Exhibit C.

4. On August 26, 2004, that court dismissed under the "three-strikes" rule of 28 U.S.C. § 1915(g) another complaint filed by Plaintiff. See *Ruston v. Dallas County Sheriff's Department*, 2004 WL 1782550 (N.D. Tex. July 29, 2004) (Magistrate Judge's Report and Recommendation ("R&R") recommending dismissal); *Ruston v. Dallas County Sheriff's Department*, 2004 WL 1924813 (N.D. Tex. Aug. 26, 2004) (adopting R&R). The Magistrate Judge's R&R stated:

> Petitioner has been on notice for more than one year, that he is barred by the three-strike rule pursuant to 1915(g). . . . He has nevertheless, filed this and four other civil rights actions during the last thirty days. See *Ruston v. Dallas County et al.*, 3:04cv1437-K; *Ruston, et al. v. Teal, et al.*, 3:04cv1462; *Ruston v. Dallas County Sheriff's Department*, 3:04cv1530-G; and *Ruston v. Dallas County, et al.*, 3:04cv1580-G. . . .

3

>In light of Plaintiff's unilateral refusal to file new actions without the requisite filing fee or a showing of imminent danger of serious physical injury, further action is necessary by the District Court to prevent Plaintiff from further filings in disregard of 1915(g). The district court has an obligation to protect the orderly administration of justice and to prevent abuse of the court's process by frivolous and vexatious litigants. . . . Therefore, the court should enter a separate order barring Ruston from filing any further civil actions in this court unless the same is accompanied by the required $150.00 filing fee.

*Ruston*, 2004 WL 1782550. That R&R was adopted in full. *Ruston*, 2004 WL 1924813. The R&R and order adopting the R&R are attached as Exhibit D.

5. On August 19, 2004, a Magistrate Judge issued an order recommending dismissal under the "three-strikes" rule of yet another complaint filed by Plaintiff. See *Ruston v. Dallas County, Texas, et al.*, 2004 WL 1873058 (N.D. Tex. Aug. 19, 2004). Noting that Plaintiff had been barred from proceeding *in forma pauperis* unless he could demonstrate "that he is 'under imminent danger of physical injury,'" the Magistrate Judge stated:

>In an attempt to meet this burden, plaintiff contends that he was assaulted by another inmate in a court holding cell and has received multiple death threats while incarcerated. . . . [P]laintiff fails to specify the threats allegedly made against him or identify those suspected of making such threats. It is difficult to envision how this lawsuit, which seeks only money damages from Dallas County and various court officials as a result of a conspiracy arising out of plaintiff's criminal prosecution, relates to any conduct that creates an "imminent danger of serious physical injury."

*Id*. The district court adopted the Magistrate Judge's R&R. See *Ruston v. Dallas County, Texas, et al.*, 2004 WL 1899633 (N.D. Tex. Aug. 24, 2004). The R&R and order adopting the R&R are attached as Exhibit E.

6. On September 20, 2004, a Magistrate Judge issued another report recommending that still another complaint filed by Plaintiff be dismissed under the "three-strikes" rule. See *Ruston v. Dallas County Sheriff's Department et al.*, 2004 WL 2101733 (N.D. Tex. Sept. 20, 2004). The Magistrate Judge noted:

4

> Because Plaintiff has accumulated at least three "strikes," 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. . . . The complaint in this case presents no claim that Plaintiff is in danger of physical injury. . . . He merely alleges in a conclusory fashion that Defendants' conduct placed him in imminent danger of physical injury. These type of conclusory allegations recently prompted United States District Judge Ed Kinkeade to impose an additional sanction on Plaintiff for filing complaints without demonstrating a true imminent danger of physical injury under the three-strike provision. *See Ruston v. Dallas County Sheriff's Dep't, et al.*, 3:04cv1517-K (N.D. Tex.) (amended judgment filed on September 14, 2004) (directing the Clerk to "return any civil complaint subsequently submitted by Lester Jon Ruston unless accompanied by the $150.00 filing fee, or unless Plaintiff has first obtained judicial permission to file a subsequent civil complaint.").

*Id.* (internal quotation marks omitted). The district court adopted this R&R. See *Ruston v. Dallas County Sheriff's Dep't, et al.*, 2004 WL 2100130 (N.D. Tex. Sept. 20, 2004). The R&R and order adopting the R&R are attached as Exhibit F.

7. Nearly identical orders were issued in two other cases filed by Plaintiff. See *Ruston v. Dallas County, et al.*, 2004 WL 2100130 (N.D. Tex. Sept. 20, 2004) (R&R noting that plaintiff "merely alleges in a conclusory fashion that Defendants' conduct allegedly placed him in imminent danger of physical injury"); *Ruston v. Dallas County, et al.*, 2004 WL 2293861 (N.D. Tex. Sept. 29, 2004) (adopting R&R), attached as Exhibit G; and *Ruston v. Dallas County, et al.*, 2004 WL 2512232 (N.D. Tex. 2004) (R&R noting that plaintiff "merely alleges in a conclusory fashion that Defendants' conduct placed him in imminent danger of physical injury"); *Ruston v. Dallas County, et al.*, 2004 WL 2847834 (N.D. Tex. Dec. 9, 2004) (adopting R&R), attached as Exhibit H.

8. On September 28, 2004, a Magistrate Judge recommended that a petition for a writ of habeas corpus filed by Plaintiff should be dismissed. In doing so, the Magistrate Judge stated: "Petitioner should be warned that if he persists in filing frivolous lawsuits, the court may impose monetary sanctions and bar him from bringing *any further actions of any kind* without

5

prior court approval." See *Ruston v. United States*, 2004 WL 2187120 (N.D. Tex. Sept. 28, 2004). The district court adopted the Magistrate Judge's R&R. See *Ruston v. United States*, 2004 WL 2339797 (N.D. Tex. Oct. 15, 2004). The R&R and order adopting the R&R are attached as Exhibit I.

9. Finally, on Nov. 2, 2006, Judge Solis of the Northern District of Texas issued an order in still another case adopting a Magistrate Judge's recommendation that another complaint filed by Plaintiff be dismissed as frivolous. See *Ruston v. United States*, 2006 WL 3151292 (N.D. Tex. Nov. 2, 2006), attached as Exhibit J. Judge Solis noted that Plaintiff "has previously filed numerous frivolous actions" and that he "is barred from filing in this Court without first obtaining permission." *Id*.

10. On June 30, 2006, while incarcerated at the Federal Correctional Institution at Seagoville, Texas, Plaintiff filed his Complaint in this case. Many of the allegations in the Complaint are simply incomprehensible. And, like his previous frivolous complaints, this Complaint alleges the threat of injury in a conclusory fashion: "Plaintiff is in imminent danger of serious physical injury, has had multiple attempts made to murder him, and is now being threatened with 'forced medication', due to a conspiracy by the Defendants." Complaint at ¶ 5.

11. Among other allegations, the Complaint alleges:

- During the 1950's, "Defendant Jerry Henderson began a lifelong pattern of 'brainwashing' Defendant Victor James Ruston, which is ongoing to this filing, to join the Mormon Church." Complaint at ¶ 2. Although Mr. Henderson is named as a defendant in the Complaint, the Complaint does not identify who he is.

- In 1957 "the Defendants engaged in a conspiracy to 'force the Plaintiff into their ranks, to begin a lifelong system of 'torture'." Complaint at ¶ 9.

- In 1965, Plaintiff's parents, also named as defendants, "did conspire with multiple unknown Defendants co-conspirators to commit unnecessary surgury [sic] on the Plaintiff, to commit 'torture', in retaliation for a betwetting [sic] problem by the Plaintiff." Complaint at ¶ 10.

- In 1977, "Plaintiff rejected all the brainwashing of the Defendant's . . . . Defendants retaliated by conspiring with 'Mormons' in Torrance, California, to attempt to make Plaintiff go on a 'Mormon Mission', to continue their 'brainwashing' of Plaintiff." Complaint at ¶ 12.

- In 1995, Plaintiff became a born-again Christian, but his brother and sister, also named as defendants, "conspired with Defendant Mel Chadwick to destroy Plaintiff's 1st Amendment right to freedom of religion." Complaint at ¶ 14. The Complaint does not say who Mel Chadwick is.

- In September 1998, unspecified "Defendants" "did conspire to 'kidnap' Plaintiff's son Brett, move him into Defendant Allison Ruston-Smiths house [Defendant's sister] and 'brainwash' him into the Mormon 'cult'. Plaintiff was jailed during this time frame on false charges, aided and abetted by the Defendants." Complaint at ¶ 16.

- In the spring and summer of 1999, "Defendant Brad Oates was told to act as a 'liason' by the Defendants [again unspecified] to the Plaintiff, and attempt to excuse their insane behavior. He stated to the Plaintiff that they were possessed

by Satan." Complaint at ¶ 18. Brad Oates is named as a defendant but the Complaint does not say who he is.

- In 2000, "Defendant Larry K. Hercules, of the 'Mormons' filed fraudulent paperwork with a State Court, in answer to the Plaintiff's civil actions, and committed libel and slander,' to aid and abet [sic] felony theft." Complaint at ¶ 20. The Complaint does not say who Larry K. Hercules is.

- "On or about 2002, Plaintiff was 'stalked' and has his privacy invaded on multiple occasions by the Defendants [again unspecified], along with government officials, most notably the United States Secret Service." Complaint at ¶ 22.

- Plaintiff is still on the records of the LDS Church "to be stalking [sic] and harassed, and 'tortured' at will by the Defendants, in violation of his 1st, 4th, 5th, 6th, 8th and 14th Amendment rights pursuant to the U.S. Constitution." Complaint at ¶ 23.

- "The Defendants have conspired to infiltrate the F.B.I. with multiple 'members' to obstruct justice in the Federal crimes committed by their members, which Plaintiff has investigated around the country . . . prompting this complaint and request for injunctive relief." Complaint at ¶ 25.

12. Plaintiff requests (1) a declaratory judgment that the Defendants have violated Federal and State laws and his constitutional rights; (2) an injunction "ordering the Defendants to cease and desist the filing of any further paperwork with any Judge or Court . . . without the matter first being reviewed by this Honorable Court and investigated by 'agents' of this Honorable Court, coordinated with the Honorable Judge Urbina of the D.C. District and the

Central Intelligence Agency, due to the allegations of 'treason,'"; (3) an injunction "ordering the Defendants not to come within 100 feet of the Plaintiff"; and (4) compensatory damages and $500,000,000 in punitive damages.

13.  The Complaint has not been served on any of the Church Defendants.

## ARGUMENT

**I.  PLAINTIFF'S COMPLAINT CANNOT GO FORWARD UNLESS HE PAYS THE FILING FEE.**

The Prison Litigation Reform Act of 1996 permits a court to waive the prepayment of filing fees by an indigent prisoner.  *See* 28 U.S.C. § 1915(a)(2).[2]  Subsection (e)(2) provides, however, that

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> . . . .
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Subsection (g) adds further restrictions:

> In no event shall a prisoner bring a civil action or appeal in a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  "These fee provisions are intended to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by

---

[2] 28 U.S.C. § 1915(h) states:  "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

liability for filing fees." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (internal quotation marks omitted).

Plaintiff was a prisoner when he filed the Complaint in this action. He has had more than three previous complaints dismissed as frivolous under 28 U.S.C. § 1915(e). *See White v. State of Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. Federal Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting that a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue)). The language of § 1915(g) is mandatory. Because of Plaintiff's previous frivolous complaints, "[i]n no event" can his Complaint go forward unless he pays the filing fee. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) ("Section 1915(g), the 'three strikes' provision of the [*in forma pauperis*] statute applicable to indigent prisoners, <u>requires</u> so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals.") (emphasis added).

The only exception to this rule is when the prisoner "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Like the many frivolous complaints he filed in the Northern District of Texas, the conclusory allegations of imminent danger in this Complaint fail to meet this exception. The Complaint states: "Plaintiff is in imminent danger of serious physical injury, has had multiple attempts made to murder him, and is now being threatened with 'forced medication', due to a conspiracy by the Defendants." Complaint at ¶ 5. Plaintiff does not identify where this danger comes from, who has threatened him, or why his imagined threats should be taken seriously. If a plaintiff could overcome the three-strikes provision through an unsupported allegation of "imminent danger," the provision would have no use. *See White*, 157 F.3d 1226, 1231-32 (defendant's allegation that he was being deprived of medication and being

beaten and tortured was insufficient to bring him within the "imminent danger" exception; "Mr White's allegation contains no specific reference as to which of the defendants may have denied him what medication or treatment for what ailment on what occasion"). In sum, Plaintiff "has failed to raise a credible allegation that he is in imminent danger of serious physical harm, and, therefore, he does not come under the exception to § 1915(g)." *Id*. at 1232.

## II. EVEN IF PLAINTIFF WERE TO PAY A FILING FEE, HIS COMPLAINT SHOULD BE DISMISSED BECAUSE IT IS FRIVOLOUS AND FAILS TO STATE A CLAIM.

Even if Plaintiff pays the filing fee, his Complaint against the Church Defendants should be dismissed because it is frivolous and fails to state a claim. As a general rule, courts "liberally construe the allegations of a pro se complaint." *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999) (internal quotation marks omitted). But courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). Nor does pro se status "excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil . . . Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Section 1915(e) "requires a district court to dismiss the complaint of a party proceeding [*in forma pauperis*] whenever the court determines that the claims are frivolous." *Fogle v. Pierson*, 435 F.3d 1252, 1257 (10th Cir. 2006). This is true regardless of whether the prisoner pays the filing fee or not. *See id*. (dismissal of frivolous complaint was proper even after prisoner had paid the filing fee). A complaint is frivolous if it lacks "an arguable basis either in law or in fact." *Id*. (internal quotation marks omitted). Thus, to proceed the plaintiff "must show

11

. . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Plaintiff's Complaint should be dismissed because it is both frivolous and fails to state a claim. The allegations of "torture" and "brainwashing" are not supported by any factual allegations and do not constitute cognizable claims. The allegations of constitutional violations fail because the defendants are not state actors. And the allegations of various conspiracies are conclusory and unsupported by any discernible factual allegations. Additionally, several paragraphs of the Complaint relate to actors who have no relation to the named defendants and who are not named in the Complaint. *See, e.g.*, Complaint at ¶ 25. Many of the allegations in the Complaint apply indiscriminately to "defendants" without identifying what any individual defendant has done. And most of the allegations are so sensational as to be beyond belief, such as the claim that the defendants "conspired to infiltrate the F.B.I. . . . to obstruct justice in the Federal crimes committed by their members." *Id*. Moreover, it is not clear what this allegation has to do with the plaintiff. Plaintiff's conspiracy theories and paranoid fears of murder plots are simply unfounded and do not state any recognizable claim.

For example, the Complaint simply makes no allegations against Defendant Gordon B. Hinckley, who is President of The Church of Jesus Christ of Latter-day Saints. Other than being listed in the caption, President Hinckley is not discussed in the Complaint. Likewise, Defendant Jerry Henderson is accused of "brainwashing" Plaintiff's father, but there are no allegations that he did anything to Plaintiff, and the allegations against Henderson occurred in the 1950s. *Id*. at ¶¶ 7-8. Similarly, there is a single paragraph relating to Defendant Larry K. Hercules, which identifies him as a Mormon but otherwise does not link him to the Church or identify him. *See id*. at ¶ 16. Defendant Brad Oates is also discussed in a single paragraph. It is not clear whether

Mr. Oates is connected to the LDS Church in any way; regardless, the paragraph discussing him does not state a claim against him or the Church. *See id*. at ¶ 18. Finally, Defendant Kent Robertson is identified in the Complaint as a Bishop in the LDS Church, but the single paragraph that mentions him does not state a claim and mentions only vaguely "crimes committed against the Plaintiff." *Id*. at ¶ 24. There are no allegations that any of these defendants were acting as agents of the LDS Church or that the Church is liable under a theory of respondeat superior. The remainder of the Complaint focuses on Plaintiff's family members who are named as defendants. In sum, there is simply no basis in the Complaint for holding the LDS Church (or any Defendant related to the Church) liable on any claim.

### III. ANY CLAIM THAT CAN POSSIBLY BE GLEANED FROM THE COMPLAINT IS BARRED BY THE FIRST AMENDMENT.

To the extent the Complaint alleges anything against the LDS Church or any of its officers, those claims are barred by the First Amendment. *See Franco v. The Church of Jesus Christ of Latter-day Saints*, 2001 UT 25 ¶23, 21 P.3d 198. Claims that would "necessarily entangle the court in the examination of religious doctrine, practice, or church polity [are] prohibited by the Establishment Clause." *Id*. at ¶ 17 (citing cases). Regardless of how a claim is styled in the pleadings, "the claim will not survive constitutional scrutiny if an adjudication of the claim would foster an excessive governmental entanglement with religion in violation of the Establishment Clause," and such an entanglement necessarily would occur if a court is required "to review and interpret church law, policies, or practices in the determination of the claims." *Id*. ¶¶15, 17, 21. Most of the allegations in the Complaint that relate to the LDS Church or anyone connected to the LDS Church are allegations relating either to attempts to convert Plaintiff's family to the LDS Church or attempts to keep Plaintiff and his son in the Church. These claims are simply not cognizable under the law.

## IV. DISMISSAL IS REQUIRED FOR INSUFFICIENCY OF PROCESS

Alternatively, dismissal is required under Fed. R. Civ. P. 12(b)(4) for failure to serve process. Rule 4(m) gives the plaintiff 120 days after filing the Complaint to serve process.[3] Plaintiff's Complaint was filed on June 30, 2006. The Church Defendants have not been served. Accordingly, dismissal is required for failure to serve process.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the Complaint for failure to pay the filing fee, because the Complaint is frivolous and fails to state a claim, or, alternatively, for failure to serve process.

DATED this _15_____ day of November, 2006.

KIRTON & McCONKIE

/s/_____
Matthew K. Richards
Justin W Starr
Attorneys for The Church of Jesus Christ of Latter-day Saints and Gordon B. Hinckley

---

[3] Fed. R. Civ. P. 4(m) provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the _15___ day of November, 2006, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be mailed to the following:

>Lester J. Ruston, Reg. No. 26834-177
>Federal Correctional Institution
>P.O. Box 9000
>Seagoville, TX 75159-9000

_/s/ Debra Domenici_____

933091/01