**EXHIBIT A**



Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2002 WL 108414 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Ruston v. BushN.D.Tex.,2002.Only the Westlaw citation is currently available.
United States District Court, N.D. Texas, Dallas Division.
Lester Jon **RUSTON** Plaintiff
v.
George W. BUSH, et al. Defendants
**No. 3:01-CV-1818-H.**

Jan. 23, 2002.

ORDER
SANDERS, Senior J.
\*1 Before the Court are the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed December 20, 2001; Plaintiff's Objections thereto, filed December 27, 2001; and Plaintiff's Affidavit, filed January 2, 2002.

The Court has made the required independent review of the pleadings, files, and records in this case; the Findings and Conclusions of the Magistrate Judge; and Plaintiff's Objections. Having done so, the Court is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are ADOPTED as the Findings and Conclusions of the Court, and Plaintiff's Objections are OVERRULED.

Judgment will be entered accordingly.

SO ORDERED.

FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the magistrate judge, as evidenced by his signature thereto, are as follows.

*FINDINGS AND CONCLUSIONS:*

*Type of Case:* This is an unspecified civil action

*Parties:* Plaintiff is presently confined at the Collin County Detention facility in McKinney, Texas. At the time of filing the complaint, he was incarcerated at the Federal Correction Institution in Seagoville, Texas.

Defendants are George W. Bush, the United States Secret Service, David Hamilton, the Plano Independent School District (Plano ISD), and the Plano Police Department. The court has not issued process in this case. However, on October 19, 2001, the magistrate judge issued a questionnaire to Plaintiff who filed his answers on October 29, 2001.

*Statement of Case:* The complaint alleges that the Defendants have "engage[d] in an organized criminal conspiracy" to violate 18 U.S.C. § 241 and Plaintiff's civil rights. (Complaint at 1-2). Plaintiff requests injunctive relief stopping all stalking and harassment and placing him in "a safe house" within the federal witness protection program. Plaintiff also requests monetary damages. He seeks $100,000 in compensatory damages for the loss of income caused by the termination of his job in January 2001, and for the pain and suffering caused by the forceful administration of unprescribed medications. He also seeks $100,000,000 in punitive damages for the loss of Plaintiff's son's potential baseball career. Lastly, Plaintiff requests the court to " 'order' the FBI to investigate the multiple violations of Tile 18, section 241 of the United States Code and the multiple criminal conspiracies to Obstruct Justice against Plaintiff." (Complaint at 3).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 3
Not Reported in F.Supp.2d, 2002 WL 108414 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

dismiss the case at any time if the court determines that ... (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

In addition to monetary relief, Plaintiff requests injunctive relief stopping all stalking and harassment and placing him in "a safe house" within the federal witness protection program. He also requests the court to " 'order' the FBI to investigate the multiple violations of Tile 18, section 241 of the United States Code and the multiple criminal conspiracies to Obstruct Justice against Plaintiff ." (Complaint at 3).

The requested injunctive relief is not available in this civil action. The federal courts do not have any control on who is admitted to the Federal Witness Protection Program. Moreover a criminal investigation is simply not available through a civil action. *Cf. Jones v. Conway,* No. Civ.A. 92-3883, 1992 WL 185578, at *1 (E.D.Pa. July 21, 1992) (holding that bringing criminal charges against defendants is not relief available under 42 U.S.C. § 1983). "Criminal statutes can neither be enforced by civil action nor by private parties." *Hassell v. United States,* No. 3:97-CV-1882-P, 1999 WL 444554, at *2 (N.D.Tex. May 28, 1999). There is no constitutional right, furthermore, to have someone criminally prosecuted. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990). There is likewise no constitutional right to have someone criminally investigated. The District Court should dismiss Plaintiff's request for injunctive relief, for a criminal investigation and for criminal prosecution of the Defendants under 18 U.S.C. § 241.

To the extent Plaintiff charges the Defendants with civil conspiracy, his claim likewise lacks an arguable basis in law. A claim for civil conspiracy requires allegations of facts sufficient to show that there was an agreement among the defendants to inflict a wrong or injury upon the plaintiff and an overt act that results in damages. *Crowe v. Lucas,* 595 F.2d 985, 993 (5th Cir.1979). In the present case, however, no allegations exist that would allow inference that Defendants conspired to deprive Plaintiff of his Constitutional rights. Plaintiff's complaint, even when supplemented by the answers to the magistrate judge's questionnaire, does not present facts showing an agreement between the Defendants named in the complaint. *See Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986). Plaintiff does not allege that the Defendants ever met or talked about Plaintiff, his commitments to the Wichita Falls and Terrell States Hospitals, or any of the cases that were or are still pending against Plaintiff. There is a complete absence of any allegation of fact to show that the Defendants had any plan to hinder Plaintiff. " 'Mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy under 42 U.S.C. § 1983." *Hale,* 786 F.2d at 690 (quoting *Arsenaux v. Roberts,* 726 F.2d 1022, 1024 (5th Cir.1982)).

*4 Plaintiff's claims against the individual Defendants also lack an arguable basis in law. In answer to the questionnaire, Plaintiff alleges that he is suing Bush only in his individual capacity. (Answer to Question 6). However, in answer to Question 7, Plaintiff alleges that Bush "abused his capacity as both Governor and President elect to harass [him]." The alleged motive was "to obstruct justice and retalia[te] for political research [Plaintiff] performed for [the] democratic party and support [that he provided] for Al Gore in [the] 2000 election." (Answer to Question 7) Because Plaintiff does not allege any claims against Bush in his individual capacity, the complaint against Bush individually should be dismissed with prejudice as frivolous.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 4
Not Reported in F.Supp.2d, 2002 WL 108414 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

To the extent Plaintiff is suing Bush in his official capacity while he was governor of the State of Texas, his complaint is treated as a suit against the State of Texas itself. The Eleventh Amendment bars actions brought against a state in federal court by its own citizens or citizens of another state, absent consent, waiver, or abrogation of the state's sovereign immunity. U.S. Const. amend. XI; *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974). This immunity extends to state actors or agents when they are sued for monetary relief in their official capacities, because as the Supreme Court has recognized, "a suit against a State official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). This conclusion is buttressed by the fact that if a suit against a state agent acting in his or her official capacity is successful, any damages must be paid from public funds in the state treasury. *See Edelman,* 415 U.S. at 663.

Texas has not consented to be sued or waived its immunity from the instant suit. Moreover, the Supreme Court has specifically held that Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983 (the basis for Plaintiff's claims against former Governor Bush). *Quern v. Jordan,* 440 U.S. 332, 338 (1979); *see also, Will,* 491 U.S. at 71 (holding that "neither a State nor its officials acting in their official capacities are "persons" under 1983"). Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief against former Governor Bush.

Although Plaintiff seeks to sue Bush in his official capacity as the designated president elect, following the November 2000 election, it is clear that during the interim period prior to his inauguration, Bush was neither an official of the State of Texas, nor an official of the United States. Moreover, as to any conduct which occurred after President Bush was inaugurated, it is clothed with absolute immunity from damages for acts within the " 'outer perimeter' " of his official responsibilities. *Nixon v. Fitzgerald,* 457 U.S. 731, 755 (1982).

*5 Any claim against the U.S. Secret Service officers, in their official capacities, is likewise barred by sovereign immunity. Such a suit is considered as one against the United States itself. *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). Hence it is barred by sovereign immunity. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 et seq., does provide for a waiver of the federal government's sovereign immunity, but only if certain procedures are followed. Specifically a claim under the FTCA may not be instituted unless a plaintiff has first filed a claim with the appropriate federal agency, which was finally denied by the agency in writing. 28 U.S.C. § 2675. However, Plaintiff concedes that he has not filed an administrative claim for monetary damages with the United States Secret Service based upon its conduct alleged in this action. (*See* Answer to Question 11).

Regarding David Hamilton, Plaintiff alleges that he violated 18 U.S.C. § 241, participated in his illegal commitment to Wichita Falls State Hospital, and filed a false police report with Dallas County and the U.S. Secret Service. (Answer to Question 9). Plaintiff also states that Hamilton violated the Federal Tort Claims Act because of false imprisonment, false arrest, malicious prosecution, abuse of process and slander.

Hamilton is Plaintiff's former employer at Jack Bowles Services. Except for his alleged participation in the civil conspiracy (which the magistrate judge previously concluded lacks an arguable basis in law), Plaintiff has not alleged how Hamilton acted under color of state law. To state a claim under § 1983, a plaintiff must allege a Constitutional deprivation as well as a deprivation of that right by the defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Even assuming Hamilton acted under color of state law, Plaintiff has failed to allege any constitutional deprivations on behalf of Hamilton. The fact that he may have violated 18 U.S.C. § 241 does not provide a sufficient basis for a constitutional deprivation. A federal criminal statute does not provide a private cause of action. Moreover, as a private individual, Hamilton cannot be charged with

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 5
Not Reported in F.Supp.2d, 2002 WL 108414 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

violating the Federal Tort Claims Act.

Next Plaintiff sues the Plano ISD. Under § 1983, a municipality or local governmental entity, such as an independent school district, may be held liable only for acts for which it is actually responsible. See *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986); *Doe on Behalf of Doe v. Dallas Independent School Dist.,* 153 F.3d 211, 215-216 (5th Cir.1998); *Spann v. Tyler Indep. Sch. Dist.,* 876 F.2d 437, 438 (5th Cir.1989). Thus, a local governmental entity "cannot be held liable *solely* because it employs a tortfeasor-or, in other words, a [local governmental entity] cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Servs. of New York,* 436 U.S. 658, 691 (1978). However, a local governmental entity may be held liable under § 1983 when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* at 436 U.S. at 694.

*6 Plaintiff does not allege that the actions at issue in this case were taken pursuant to any policy or custom of the Plano ISD. In fact, Plaintiff does not even allege the existence of an unconstitutional policy or custom. Even if he had, there must be considerably more proof than a single act to establish an unconstitutional policy or custom before liability attaches. Therefore, Plaintiff's claim against the Plano ISD should be dismissed with prejudice as frivolous.

Finally, the Court *sua sponte* notes that the Plano Police Department is not a proper party to this action. A governmental department cannot engage in litigation "unless the true political entity has taken explicit steps to grant the servient agency with jural authority." *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir.1991). Governmental offices and departments do not have a separate legal existence. See *Ruggiero v. Litchfield,* 700 F.Supp. 863, 865 (M.D.La.1988) (local sheriff's office is not legal entity subject to suit). Accordingly, the claims against the Plano Police Department should likewise be dismissed as they lack an arguable basis in law.

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of questionnaire. See *Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994) (requiring further development of insufficient factual allegations before dismissal under § 1915(d) is proper); *Watson v. Ault,* 525 F 2d 886, 892-93 (5th Cir.1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint). Because he has failed to allege any cognizable claim for relief against the named Defendants under § 1983, the complaint should be dismissed with prejudice as frivolous pursuant to §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

*RECOMMENDATION:*

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

A copy of this recommendation will be mailed to Plaintiff.

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir.1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

N.D.Tex.,2002.
Ruston v. Bush
Not Reported in F.Supp.2d, 2002 WL 108414 (N.D.Tex.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                              Page 6

Not Reported in F.Supp.2d, 2002 WL 108414 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents (Back to top)

• 3:01cv01818 (Docket) (Sep. 14, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.