**EXHIBIT B**

**Westlaw.**

Not Reported in F.Supp.2d                                                                                       Page 1
Not Reported in F.Supp.2d, 2002 WL 32359948 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Ruston v. HillN.D.Tex.,2002.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon RUSTON, Plaintiff,
v.
Bill HILL, et al., Defendants.
No. 3:01-CV-2087-H.

Sept. 26, 2002.

Lester Jon Ruston, Dallas, TX, pro se.

*ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

*1 After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

*FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
RAMIREZ, Magistrate J.
Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

*FINDINGS AND CONCLUSIONS*

I. Background

A. *Nature of the Case:* This is a civil rights complaint pursuant to 42 U.S.C. § 1983.

B. *Parties:* Plaintiff is a former inmate of the Dallas County Jail who presently resides in Dallas, Texas. Plaintiff's original complaint named Bill Hill, Dallas County District Attorney; Judge Henry Wade, Jr.; the 292nd Judicial District Court of Dallas County; the City of Carrollton; and Detective Gary Fernandez as defendants. (*See* Compl. at 3.) Plaintiff subsequently "clarifi[ed]" his intent to sue " Dallas County, et al." as well as his sister, Allison Smith, and his sister's "married lover", Rick Rolland, in response to a Magistrate Judge's Questionnaire (hereinafter MJQ). (*See* Answers to Questions 1 and 8 of Second MJQ.) No process has been issued in this case.

C. *Statement of the Case:* Plaintiff initially sought only two forms of relief in his original complaint: (1) a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and (2) a writ of mandamus to permit him to argue violations of 18 U.S.C. § 241. (*See* Compl. at 4.) In an effort to better identify the precise relief sought by Plaintiff in this action, the Court sent plaintiff two separate Magistrate Judge Questionnaires. In his answers, plaintiff indicates that the " 'State' and Bill Hill are in *criminal* violation of [18 U.S.C. § 241 and that he wants] to mandate case *out* of their control." (*See* Answer to Question 1 of MJQ.) He nevertheless suggests that such mandate may not be necessary, because Bill Hill is acting in violation of 18 U.S.C. § 241 and he thus seeks "injunctive relief" under 18 U.S.C. § 1514. (*Id.*) Plaintiff further seeks an investigation by the Federal Bureau of Investigation (FBI). (*Id.*) Finally, plaintiff indicates that he "want[s] to prosecute *everyone* and claim damages for lost income, pain and suffering, and physical damage from medication." (*See* Answer to Question 2 of MJQ.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2002 WL 32359948 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Plaintiff provides the following factual basis for his claim for monetary damages: "Forced medication on me *illegally,* forced to eat poisoned food, and drink contaminated water." (*See* Answer to Question 7 of Second MJQ.) However, plaintiff failed to identify any defendant's involvement in the alleged violations of his constitutional rights despite specific questions to him regarding the defendants' involvement. (*See* Answers to Questions 1 through 7 of Second MJQ.)

II. Standard for Screening for Frivolity

*2 The Court has permitted plaintiff to proceed *in forma pauperis.* His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is also subject to preliminary screening pursuant to 28 U.S.C. § 1915A regardless of whether he proceeds *in forma pauperis. See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal if the Court finds the complaint "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Smith v. Winter,* 782 F.2d 508, 511-12 (5th Cir.1986); *Henrise v. Horvath,* 94 F.Supp.2d 768, 769 (N.D.Tex.2000).

III. Findings

Plaintiff's claims arise out of 42 U.S.C. § 1983. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's ' rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw,* 512 U.S. 107, 132, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* However, most of the numerous forms of relief sought by plaintiff in the instant action are simply unavailable.

Specifically, plaintiff wants the Court to grant him habeas relief under 28 U.S.C. § 2254. Release from imprisonment, however, is an inappropriate remedy in an action brought pursuant to 42 U.S.C. § 1983. *See Wolff v. McDonnell,* 418 U.S. 539, 554, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Accordingly, this claim for relief does not survive summary dismissal.[FN1]

> FN1. The Court declines to construe this civil action as a petition for a writ of habeas corpus. Plaintiff has already filed such an action and the Court has dismissed it for his failure to exhaust his state remedies. Plaintiff makes no indication that he has yet exhausted his state remedies.

Plaintiff also seeks to prosecute defendants. Such relief is also not available through a civil rights action under 42 U.S.C. § 1983. There is no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990).

In addition, plaintiff seeks an investigation by the FBI. As the Court has told plaintiff in two previous cases, the Court has no authority to grant such relief. *See Ruston v. Bush,* No. 3:01-CV-1052-L (N.D.Tex.) (findings entered July 19, 2001, and accepted Aug. 29, 2001); *Ruston v. Bush,* No. 3:01-CV-1818-H (N.D.Tex.) (findings entered Dec. 20, 2001, and accepted Jan. 23, 2002). The FBI is not a party to this litigation. The Court cannot order a non-party to conduct an investigation. This claim for relief is therefore frivolous.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d   Page 3
Not Reported in F.Supp.2d, 2002 WL 32359948 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

\*3 Plaintiff further seeks "injunctive relief" under 18 U.S.C. § 1514. That statute, however, provides for a civil action to restrain harassment of a victim or witness in a federal criminal case but only upon motion by the attorney for the government. See 18 U.S.C. § 1514(a)(1) and (b)(1). Plaintiff is not an attorney for the government. Moreover, plaintiff has failed to identify any victim or witness who needs the protection of § 1514. He may not, therefore, avail himself of the civil action provided by § 1514, and this basis for relief is likewise frivolous.

Plaintiff also seeks a writ of mandamus to permit him to argue violations of 18 U.S.C. § 241. Although 28 U.S.C. § 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff," plaintiff has named no officer or employee of the United States or an agency thereof as a defendant in this action. The Court may not mandate plaintiff's state criminal action "out of the control" of the State and its prosecutor, Bill Hill. Federal courts are without authority to direct the states and their courts and officers in the performance of their official duties. See *Moye v. Clerk, Dekalb County Sup.Ct.,* 474 F.2d 1275, 1276 (5th Cir.1973). Thus, the Court is without authority to grant this form of relief sought by plaintiff.

Lastly, plaintiff seeks monetary damages based on claims that he was forced to take medication, eat poisoned food, and drink contaminated water. (*See* Answer to Question 7 of Second MJQ.) Despite specific inquiry from the Court, however, plaintiff provides no facts from which the Court can discern that any defendant was personally involved in the alleged forced consumption of medication, poisoned food, and contaminated water. (*See* Answers to Questions 1-7 of Second MJQ.) Plaintiff cannot prevail against a particular individual defendant without some showing of personal involvement by that defendant. See *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir.1999); *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983). Furthermore, the claims of forced consumption of poisoned food and contaminated water appear to be fanciful, thus lacking an arguable basis in fact. Accordingly, these claims are frivolous.

### RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily DISMISS plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir.1996) ( *en banc* ).

N.D.Tex.,2002.
Ruston v. Hill
Not Reported in F.Supp.2d, 2002 WL 32359948 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:01cv02087 (Docket) (Oct. 17, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.