**EXHIBIT C**

Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 22946480 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Ruston v. Continental Motel N.D.Tex.,2003.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon RUSTON, ID # 02065558, Plaintiff,
v.
CONTINENTAL MOTEL, et al., Defendants.
No. 302CV2349N.

Feb. 28, 2003.

Lester Jon Ruston, pro se, Dallas, TX, Plaintiff.

*ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
GODBEY, J.
*1 After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court.

The Court hereby denies plaintiff's motion to proceed *in forma pauperis*. As long as plaintiff remains a prisoner within the meaning of 28 U.S.C. § 1915(g), he may not proceed with the instant action or any other civil action without prepayment of the filing fee or a showing of imminent danger of serious physical injury. By separate judgment, the Court will formally dismiss plaintiff's complaint.

*FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

Plaintiff is an inmate currently incarcerated in the Dallas County Jail. On October 24, 2002, plaintiff filed the instant civil action against various defendants. On November 7, 2002, he filed an amended complaint and moved to proceed *in forma pauperis*. The Court found that the motion to proceed *in forma pauperis* should be denied based on the three-strikes provision of 28 U.S.C. § 1915(g). (*See* Order of November 14, 2002, at 5.) However, the Court deemed it appropriate to grant plaintiff thirty days to pay the full filing fee of $150.00 to the Clerk of the Court before recommending that *in forma pauperis* be denied. (*Id.*) The Court also admonished plaintiff that failure to pay the filing fee within the time allotted would result in a recommendation that *in forma pauperis* be denied and that this action be dismissed without prejudice for failure to comply with a court order under Fed.R.Civ.P. 41(b). (*Id.*)

To date, plaintiff has not paid the requisite filing fee. However, on February 6, 2003, he filed an affidavit in which he alleges that since his "initial filing" he has been placed in imminent danger of serious physical injury. (Aff. of Ruston.) Specifically, he alleges that he was "attacked with a razor blade" and "on or about December 30, 2002," he was moved to a new cell where he has been repeatedly threatened with violence. (*Id.*) He submits that he has endured multiple attempts on his life. (*Id.*) He thus requests that the Court "take judicial notice" of his affidavit and allow him to proceed *in forma pauperis*. (*Id.*)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2003 WL 22946480 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

II. THREE STRIKES

As a prisoner seeking to proceed *in forma pauperis,* plaintiff's action is subject to review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which states:

*2 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In short, inmates may not proceed without the prepayment of the requisite filing fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted except under extreme circumstances.

A review of relevant court records indicates that plaintiff's current filing falls under the PLRA "three-strikes" provision. The Court has already dismissed as frivolous three prior actions filed by plaintiff. *See Ruston v. Bush,* No. 3:01-CV-1052-L (N.D.Tex.) (Judgment dated Aug. 29, 2001, that dismisses action as frivolous); *Ruston v. Bush,* No. 3:01-CV-1818-H (N.D.Tex.) (Judgment dated Jan. 23, 2002, that dismisses action as frivolous); *Ruston v. Dallas County,* No. 3:01-CV-2087-H (N.D.Tex.) (Judgment dated Oct. 15, 2002, that dismisses action as frivolous). Due to these three prior frivolous actions, plaintiff may not proceed with his current action without the prepayment of fees under 28 U.S.C. § 1915(g) unless it appears that he is subject to imminent danger of serious physical injury.

In his complaint and initial filings, plaintiff made no allegation that he was in any imminent danger of serious physical injury. His affidavit, furthermore, reveals that he did not experience danger of physical injury until after he made his "initial filing." With respect to when a plaintiff must show he or she is in imminent danger of serious physical injury, the Fifth Circuit Court of Appeals has specifically held that:

The plain language of the statute [ (28 U.S.C. § 1915(g)) ] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Banos v. O'Guin,* 144 F.3d 883, 884-85 (5th Cir.1998); *see also, Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir.1998) (following *Banos* ). Plaintiff has not shown that he was in imminent danger when he filed the instant action. Consequently, he must prepay the requisite filing fee before this case can proceed.

III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh,* 835 F.2d 1126, 1127 (5th Cir.1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Plaintiff has failed to comply with the Order of November 14, 2002, that he pay the filing fee within thirty days. Accordingly, the Court should dismiss his complaint without prejudice for failure to follow orders of the Court.

IV. RECOMMENDATION

*3 For the foregoing reasons, it is recommended that the Court deny plaintiff's motion to proceed *in forma pauperis* and dismiss his complaint without prejudice for failure to comply with an order of the Court pursuant to Fed.R.Civ.P. 41(b). As long as plaintiff remains a prisoner within the meaning of 28 U.S.C. § 1915(g), he may not proceed with the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 3
Not Reported in F.Supp.2d, 2003 WL 22946480 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

instant action or any other civil action without prepayment of the $150 filing fee or a showing of imminent danger of serious physical injury.

*INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT*

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir.1996) ( *en banc* ).

N.D.Tex.,2003.
Ruston v. Continental Motel
Not Reported in F.Supp.2d, 2003 WL 22946480 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:02cv02349 (Docket) (Oct. 24, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.