**EXHIBIT D**



Not Reported in F.Supp.2d                                                                                              Page 1
Not Reported in F.Supp.2d, 2004 WL 1782550 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Ruston v. Dallas County Sheriff's Dept.N.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON**, 04037709, Plaintiff,
v.
DALLAS COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.
**No. 3:04-CV-1517-K.**

July 29, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
SANDERSON, Magistrate J.
*1 Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States magistrate judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

*FINDINGS AND CONCLUSIONS:*

*Type of Case:* This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983.

*Parties:* Plaintiff is currently confined at the Dallas County Jail in Dallas, Texas. Defendants are the Dallas County Sheriff's Department, the United States District Court for the Northern District of Texas, the Carrolton Police Department, Danny Chandler, Rolland Safe Company, and the 292nd Judicial District Court. The court has not issued process in this case.

*Statement of Case:* The complaint alleges Defendants repeatedly assaulted and stalked Plaintiff, denied him of his constitutional rights, and conspired against him. He requests "a writ of mandamus to Supreme Court and U.S. Senate Judicial Committee, place plaintiff in federal witness protection and transfer plaintiff to Washington D.C." (Complaint at 4).

*Findings and Conclusions:* Contemporaneously with the filing of the complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions that prisoners file in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

*Three-Strike Review:* A review of the Prisoner Litigation Index and the Court Clerk's records reflects that on February 28, 2003, the United States District Court for the Northern District of Texas, Dallas Division, dismissed one of Plaintiff's prior complaints as barred by three strikes. *See Ruston v. Continental Motel, et al.,* 3:02cv2349-N (N.D.Tex.). The district court concluded that Plaintiff had filed at least three prior civil rights cases which were dismissed as frivolous or for failure to state a claim. *Id.* The court further directed that "[a]s long as plaintiff remains a prisoner within the meaning of 28 U.S.C. § 1915(g), he may not proceed with the instant action or any other civil action without prepayment of the filing fee or a showing of imminent danger of serious physical injury." *Id.* Plaintiff did not appeal from the February 28, 2003 order and judgment.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                              Page 2
Not Reported in F.Supp.2d, 2004 WL 1782550 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998). The complaint in this case presents no claim that Plaintiff was in danger of physical injury at the time he filed this action. *See Carson v. Johnson,* 112 F.3d 818, 822-823 (5th Cir.1997); *Adepegba,* 103 F.3d at 388. *See also Banos v. O'Guin,* 144 F.3d 883 (5th Cir.1998). While Plaintiff complains in a conclusory fashion of past incidents which may have resulted in physical injuries, none of his allegations reflects that at the time of filing the complaint he feared "imminent physical injury."

*2 Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff leave to proceed *in forma pauperis,* and dismiss this action without prejudice to it being resubmitted along with the $150.00 filing fee. *See Adepegba,* 103 F.3d at 388.

*Additional Sanctions:* Petitioner has been on notice for more than one year, that he is barred by the three-strike rule pursuant to § 1915(g). *See Ruston v. Continental Motel, et al.,* 3:02cv2349 (N.D.Tex., Feb. 28, 2003). He has nevertheless, filed this and four other civil rights actions during the last thirty days. *See Ruston v. Dallas County, et al.,* 3:04cv1437-K; *Ruston, et al. v. Teal, et al.,* 3:04cv1462; *Ruston v. Dallas County Sheriff's Department,* 3:04cv1530-G; and *Ruston v. Dallas County, et al.,* 3:04cv1580-G. On July 14, 2004, the day after this action was filed, the undersigned recommended dismissal of the complaint in 3:04cv1437-K on the basis of the three-strike rule.

In light of Plaintiff's unilateral refusal to file new actions without the requisite filing fee or a showing of imminent danger of serious physical injury, further action is necessary by the District Court to prevent Plaintiff from further filings in disregard of § 1915(g). The district court has an obligation to protect the orderly administration of justice and to prevent abuse of the court's process by frivolous and vexatious litigants. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat. Bank of Houston,* 881 F.Supp. 276, 277 (S.D.Tex.1995).

Therefore, the court should enter a separate order barring Ruston from filing any further civil actions in this court unless the same is accompanied by the required $150.00 filing fee.

*RECOMMENDATION:*

For the foregoing reasons, it is recommended that the District Court enter an order denying Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strike provision of 28 U.S.C. § 1915(g), and ordering that this action be dismissed without prejudice as barred by the three strikes rule.

It is further recommended that the court order that the clerk return any civil complaint subsequently submitted by Lester Jon Ruston which is not accompanied by the $150.00 filing fee.

A copy of this recommendation will be mailed to Plaintiff.

*NOTICE*

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir.1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                Page 3
Not Reported in F.Supp.2d, 2004 WL 1782550 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

N.D.Tex.,2004.
Ruston v. Dallas County Sheriff's Dept.
Not Reported in F.Supp.2d, 2004 WL 1782550 (N.D.Tex.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1

Not Reported in F.Supp.2d, 2004 WL 1924813 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Ruston v. Dallas County Sheriff's Dept.N.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON**
v.
DALLAS COUNTY SHERIFF'S DEPARTMENT, et al
**No. 3-04-CV-1517 K.**

Aug. 26, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

ORDER
KINKEADE, J.
*1 After making an independent review of the pleadings, files and records in this case, and the Findings, Conclusions and Recommendation of the United States Magistrate Judge, I am of the opinion that the findings and conclusions of the Magistrate Judge are correct and they are adopted as the findings and conclusions of the Court.

IT IS, THEREFORE, ORDERED that the findings, conclusions and recommendation of the United States Magistrate Judge are adopted.

N.D.Tex.,2004.
Ruston v. Dallas County Sheriff's Dept.
Not Reported in F.Supp.2d, 2004 WL 1924813 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01517 (Docket) (Jul. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.