**EXHIBIT E**

Dockets.Justia.com



Not Reported in F.Supp.2d                                                                                    Page 1

Not Reported in F.Supp.2d, 2004 WL 1873058 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Ruston v. Dallas County, Tex.N.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon RUSTON Plaintiff,
v.
DALLAS COUNTY, TEXAS, et al. Defendant.
**No. 3-04-CV-1660-R.**

Aug. 19, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
KAPLAN, Magistrate J.
\*1 This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Lester Jon Ruston, an inmate in the Dallas County Jail, against Dallas County, Texas, District Attorney Bill Hill, and Allison Smith. On July 30, 2004, plaintiff filed a complaint and an application to proceed *in forma pauperis*. After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions that were dismissed as frivolous and he is not " under imminent danger of serious physical injury." Accordingly, plaintiff's application to proceed *in forma pauperis* should be denied.

II.

Plaintiff alleges that he witnessed an unknown African-American "pimp" commit various criminal acts in May 2004. When he reported these crimes to the police, plaintiff states that defendants had him arrested on false charges. Plaintiff further alleges that he was assaulted in a court holding cell on May 28, 2004, and has received multiple death threats while incarcerated. By this lawsuit, plaintiff seeks $200,000 in damages as a result of "an organized conspiracy to commit assault, false imprisonment, false arrest, malicious prosecution, abuse of process, slander, misrepresentation, deceit, and interference with contract rights." (Plf. Compl. at 1).

A.

A prisoner may not proceed *in forma pauperis* if he has filed three or more civil actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). This prohibition applies to suits dismissed on any of those grounds prior to the effective date of the Prison Litigation Reform Act. *Adepegba v. Hammons,* 103 F.3d 383, 386 (5th Cir.1996). The only exception is for cases where the prisoner is " under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

B.

Plaintiff was allowed to proceed *in forma pauperis* in at least three prior civil actions. All three cases were dismissed as frivolous under 28 U.S.C. § 1915. *Ruston v. Bush,* No.3-01-CV-0052-L (N.D.Tex. Aug. 29, 2001); *Ruston v. Bush,* No. 3-01-CV-1818-H (N.D.Tex. Jan.23, 2002); *Ruston v. Dallas County,* No. 3-01-CV-2087-H (N.D.Tex. Oct.15, 2002). Therefore, plaintiff must demonstrate that he is "under imminent danger of serious physical injury" before he can proceed *in forma pauperis* in this case.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2004 WL 1873058 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

In an attempt to meet this burden, plaintiff contends that he was assaulted by another inmate in a court holding cell and has received multiple death threats while incarcerated. However, the alleged assault occurred on May 28, 2004-more than two months before this suit was filed. Moreover, plaintiff fails to specify the threats allegedly made against him or identify those suspected of making such threats. It is difficult to envision how this lawsuit, which seeks only money damages from Dallas County and various court officials as a result of a conspiracy arising out of plaintiff's criminal prosecution, relates to any conduct that creates an "imminent danger of serious physical injury." *See Choyce v. Dominguez,* 160 F.3d 1068, 1070 (5th Cir.1998) (determination of "imminent danger" must be made as of date complaint is filed). Consequently, this case is barred under the PLRA.

*RECOMMENDATION*

*2 Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $150.00 statutory filing fee within 30 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

N.D.Tex.,2004.
Ruston v. Dallas County, Tex.
Not Reported in F.Supp.2d, 2004 WL 1873058 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01660 (Docket) (Jul. 30, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Westlaw.**

Not Reported in F.Supp.2d                                                                                         Page 1

Not Reported in F.Supp.2d, 2004 WL 1899633 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

▶
Briefs and Other Related Documents
Ruston v. Dallas County TexasN.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON**, Plaintiff,
v.
DALLAS COUNTY, TEXAS, et al. Defendants.
**No. 3-04-CV-1660-R.**

Aug. 24, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*ORDER*
BUCHMEYER, J.
*1 After conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct and they are hereby accepted as the Findings of the Court.

N.D.Tex.,2004.
Ruston v. Dallas County Texas
Not Reported in F.Supp.2d, 2004 WL 1899633 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01660 (Docket) (Jul. 30, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.