**EXHIBIT F**



Not Reported in F.Supp.2d                                                                                                  Page 1
Not Reported in F.Supp.2d, 2004 WL 2101733 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Ruston v. Dallas County Sheriff's Dept.N.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON**, 04037709, Plaintiff,
v.
DALLAS COUNTY SHERIFF'S DEPARTMENT, et al., Defendants.
**No. 3:04-CV-1839-R.**

Sept. 20, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
SANDERSON, Magistrate J.
*1 Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

*FINDINGS AND CONCLUSIONS:*

*Type of Case:* This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

*Parties:* Plaintiff is currently confined at the Dallas County Jail in Dallas, Texas. Defendants are the Dallas County Sheriff's Department, Danny Chandler, Bill Hill, and the Carrollton Police Department. The court has not issued process in this case.

*Statement of Case:* The complaint alleges Defendants have repeatedly conspired to violate Plaintiff's right to privacy, liberty, freedom of speech, freedom of press, due process of law, and right to the effective assistance of counsel. He further alleges defendants have "engaged in a murder for hire conspiracy," and have conspired to impede his mail, deny medical attention and access to the law library.[FN1]

FN1. Plaintiff alleged similar claims in the complaint filed in *Ruston v. Dallas County, et al.,* 3:04cv1437-K (N.D.Tex.). On August 12, 2004, the District Court accepted the recommendation of the undersigned magistrate judge, denied Plaintiff *in forma pauperis* status, and directed that the action be dismissed as barred by the three-strike provision unless Plaintiff tendered the 150.00 filing fee within thirty days. *Id.* (Order of Adoption/Acceptance filed August 12, 2004). On August 23, 2004, Plaintiff filed a voluntary motion to dismiss which the district court granted. *Id.* (Order granting Plaintiff's motion to dismiss, filed on August 26, 2004).

*Findings and Conclusions:* The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

A review of the Prisoner Litigation Index and the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2004 WL 2101733 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

Court Clerk's records reflects that on February 28, 2003, and again on September 14, 2004, the United States District Court for the Northern District of Texas, Dallas Division, dismissed two of Plaintiff's prior complaints as barred by three strikes. *See Ruston v. Continental Motel, et al.,* 3:02cv2349-N (N.D.Tex.), and *Ruston v. Dallas County Sheriff's Department, et al.,* 3:04cv1517-K (N.D.Tex.) (Amended Judgment). The district court concluded that Plaintiff had filed at least three prior civil rights cases which were dismissed as frivolous or for failure to state a claim. Plaintiff did not appeal from the judgments entered in either of the above cases.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998). The complaint in this case presents no claim that Plaintiff is in danger of physical injury. *See Carson v. Johnson,* 112 F.3d 818, 822-823 (5th Cir.1997); *Adepegba,* 103 F.3d at 388. *See also Banos v. O'Guin,* 144 F.3d 883 (5th Cir.1998). He merely alleges in a conclusory fashion that Defendants' conduct placed him in imminent danger of physical injury. These type of conclusory allegations recently prompted United States District Judge Ed Kinkeade to impose an additional sanction on Plaintiff for filing complaints without demonstrating a true imminent danger of physical injury under the three-strike provision. *See Ruston v. Dallas County Sheriff's Department, et al.,* 3:04cv1517-K (N.D.Tex.) (amended judgment filed on September 14, 2004) (directing the Clerk to "return any civil complaint subsequently submitted by Lester Jon Ruston unless accompanied by the $150.00 filing fee, or unless Plaintiff has first obtained judicial permission to file a subsequent civil complaint.").

*2 Because the complaint in this case does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff leave to proceed *in forma pauperis,* and dismiss this action without prejudice to it being resubmitted along with the $150.00 filing fee. *See Adepegba,* 103 F.3d at 388.

*RECOMMENDATION:*

For the foregoing reasons, it is recommended that the District Court enter an order denying Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strike provision of 28 U.S.C. § 1915(g), and directing that this action be dismissed without prejudice as barred by the three strikes rule.

A copy of this recommendation will be mailed to Plaintiff.

*NOTICE*

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir.1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

N.D.Tex.,2004.
Ruston v. Dallas County Sheriff's Dept.
Not Reported in F.Supp.2d, 2004 WL 2101733 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01839 (Docket) (Aug. 23, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 2100130 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Briefs and Other Related Documents
Ruston v. Dallas CountyN.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon RUSTON, 04037709, Plaintiff,
v.
DALLAS COUNTY, et al., Defendants.
No. 3:04-CV-1690-M.

Sept. 20, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
SANDERSON, Magistrate J.
*1 Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

*FINDINGS AND CONCLUSIONS:*

*Type of Case:* This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

*Parties:* Plaintiff is currently confined at the Dallas County Jail in Dallas, Texas. Defendants are Dallas County, Bill Hill, and the City of Dallas, dba Dallas Police Department. The court has not issued process in this case.

*Statement of Case:* The complaint alleges Defendants have engaged in a six-year conspiracy to violate Plaintiff's civil rights by placing him in imminent danger of physical injury. Specifically the complaint alleges Defendants engaged in felony theft of Plaintiff's property, slandered his name, falsely arrested and imprisoned him, and maliciously prosecuted him. The complaint further alleges Defendants "abuse[d] process," engaged in "deceit, assault, battery" and "interfered with contract rights." Plaintiff seeks monetary damages.

*Findings and Conclusions:* The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

A review of the Prisoner Litigation Index and the Court Clerk's records reflects that on February 28, 2003, and again on September 14, 2004, the United States District Court for the Northern District of Texas, Dallas Division, dismissed two of Plaintiff's prior complaints as barred by three strikes. See *Ruston v. Continental Motel, et al.,* 3:02cv2349-N (N.D.Tex.), and *Ruston v. Dallas County Sheriff's Department, et al.,* 3:04cv1517-K (N.D.Tex.) (amended judgment). The district court concluded that Plaintiff had filed at least three prior civil rights cases which were dismissed as frivolous or for failure to state a claim. Plaintiff did not appeal from the judgments entered in either of the above cases.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he files the complaint. *Banos v. O'Guin,*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                    Page 2
Not Reported in F.Supp.2d, 2004 WL 2100130 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

144 F.3d 883, 884 (5th Cir.1998). The complaint in this case presents no claim that Plaintiff is in danger of physical injury. See Cars on v. Johnson, 112 F.3d 818, 822-823 (5th Cir.1997); Adepegba, 103 F.3d at 388. See also Banos v. O'Guin, 144 F.3d 883 (5th Cir.1998). He merely alleges in a conclusory fashion that Defendants' conduct allegedly placed him in imminent danger of physical injury. These type of conclusory allegations recently prompted United States District Judge Ed Kinkeade to impose an additional sanction on Plaintiff for filing complaints without demonstrating a true imminent danger of physical injury under the three-strike provision. See Ruston v. Dallas County Sheriff's Department, et al., 3:04cv1517-K (N.D.Tex.) (amended judgment filed on September 14, 2004) (directing the Clerk to " return any civil complaint subsequently submitted by Lester Jon Ruston unless accompanied by the $150.00 filing fee, or unless Plaintiff has first obtained judicial permission to file a subsequent civil complaint.").

*2 Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff leave to proceed in forma pauperis, and dismiss this action without prejudice to it being resubmitted along with the $150.00 filing fee. See Adepegba, 103 F.3d at 388.

*RECOMMENDATION:*

For the foregoing reasons, it is recommended that the District Court enter an order denying Plaintiff leave to proceed in forma pauperis pursuant to the three-strike provision of 28 U.S.C. § 1915(g), and directing that this action be dismissed without prejudice as barred by the three strikes rules.

A copy of this recommendation will be mailed to Plaintiff.

*NOTICE*

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir.1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

N.D.Tex.,2004.
Ruston v. Dallas County
Not Reported in F.Supp.2d, 2004 WL 2100130 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01690 (Docket) (Aug. 04, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.