EXHIBIT H

Westlaw.

Not Reported in F.Supp.2d                                                                                              Page 1

Not Reported in F.Supp.2d, 2004 WL 2512232 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Ruston v. Dallas County N.D.Tex.,2004. Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON**, 04037709, Plaintiff,
v.
DALLAS COUNTY, et al., Defendants.
**No. 3:04-CV-1691-B.**

Nov. 5, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
STICKNEY, Magistrate J.
*1 Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

*FINDINGS AND CONCLUSIONS:*

*Type of Case:* This is a civil rights complaint brought by a county inmate pursuant to 42 U.S.C. § 1983. Plaintiff has neither paid the filing fee nor sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

*Parties:* Plaintiff is currently confined at the Dallas County Jail in Dallas, Texas. Defendants are Dallas County, Bill Hill, Orlando Espinola, Jim Bowles, and the Psychology Department. The court has not issued process in this case.

*Statement of Case:* The complaint seeks to bring a " federal tort claim" under the "Federal Tort Claims Act" against state governmental entities and their employees. Plaintiff seeks monetary damages.

*Findings and Conclusions:* The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim.

A review of the Prisoner Litigation Index and the Court Clerk's records reflects that on February 28, 2003, and again on September 14, 2004, the United States District Court for the Northern District of Texas, Dallas Division, dismissed two of Plaintiff's prior complaints as barred by three strikes. *See Ruston v. Continental Motel, et al.,* 3:02cv2349-N (N.D.Tex.), and *Ruston v. Dallas County Sheriff's Department, et al.,* 3:04cv1517-K (N.D.Tex.) (amended judgment). The district court concluded that Plaintiff had filed at least three prior civil rights cases which were dismissed as frivolous or for failure to state a claim. Plaintiff did not appeal from the judgments entered in either of the above cases.

Because Plaintiff has accumulated at least three " strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury " at the time he files the complaint. *Banos v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998). The complaint in this case presents no claim that Plaintiff is in danger of physical injury. *See Cars on v. Johnson,* 112 F.3d 818, 822-823 (5th Cir.1997); *Adepegba,* 103 F.3d at 388. *See also Banos v. O'Guin,* 144 F.3d 883 (5th Cir.1998). He merely alleges in a conclusory fashion that Defendants' conduct allegedly placed him in imminent danger of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2
Not Reported in F.Supp.2d, 2004 WL 2512232 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

physical injury. These conclusory allegations recently prompted United States District Judge Ed Kinkeade to impose an additional sanction on Plaintiff for filing complaints without demonstrating a true imminent danger of physical injury under the three-strike provision. See *Ruston v. Dallas County Sheriff's Department, et al.,* 3:04cv1517-K (N.D.Tex.) (amended judgment filed on September 14, 2004) (directing the Clerk to "return any civil complaint subsequently submitted by Lester Jon Ruston unless accompanied by the $150.00 filing fee, or unless Plaintiff has first obtained judicial permission to file a subsequent civil complaint."). [FN1]

> FN1. By order dated September 16, 2004, the undersigned granted Plaintiff thirty days to pay the requisite filing fee or provide factual support for his claim of imminent danger. As of the filing of this recommendation, Plaintiff has neither paid the requisite filing fee nor responded to that order.

*2 Because the complaint does not fall within the exception to the "three-strike rule" set out in § 1915(g), the District Court should deny Plaintiff leave to proceed *in forma pauperis,* and dismiss this action without prejudice to it being resubmitted along with the $150.00 filing fee. See *Adepegba,* 103 F.3d at 388.

### *RECOMMENDATION:*

For the foregoing reasons, it is recommended that the District Court enter an order denying Plaintiff leave to proceed *in forma pauperis* pursuant to the three-strike provision of 28 U.S.C. § 1915(g), and directing that this action be dismissed without prejudice as barred by the three strikes rules.

A copy of this recommendation will be mailed to Plaintiff.

N.D.Tex.,2004.
Ruston v. Dallas County
Not Reported in F.Supp.2d, 2004 WL 2512232 (N.D.Tex.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                           Page 1
Not Reported in F.Supp.2d, 2004 WL 2847834 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Ruston v. Dallas CountyN.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON**, Plaintiff,
v.
DALLAS COUNTY, et al., Defendants.
**No. Civ.A.3:04CV1691-B.**

Dec. 9, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*ORDER ADOPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
BOYLE, J.
*1 After reviewing the objections to the Findings and Recommendation of the United States Magistrate Judge, signed November 5, 2004, and after conducting a *de novo* review of those parts of the Findings and Recommendation to which objections have been made, I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct and they are accepted as the Findings of the Court.

N.D.Tex.,2004.
Ruston v. Dallas County
Not Reported in F.Supp.2d, 2004 WL 2847834 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01691 (Docket) (Aug. 04, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.