**EXHIBIT I**

Dockets.Justia.com

**Westlaw.**

Not Reported in F.Supp.2d                                                                                               Page 1
Not Reported in F.Supp.2d, 2004 WL 2187120 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Ruston v. U.S.N.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON** Petitioner,
v.
UNITED STATES OF AMERICA Respondent.
**No. 3-04-CV-1522-G.**

Sept. 28, 2004.

Lester Jon Ruston, Dallas, TX, for Plaintiff.
Notice Only, US Attorney's Office Department of Justice, Dallas, TX, for Defendant.

*FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE*
KAPLAN, Magistrate J.
*1 Petitioner Lester Jon Ruston, appearing *pro se,* has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed for lack of subject matter jurisdiction.

I.

Petitioner is an inmate in the Dallas County Jail awaiting trial on two charges of threatening a public servant and one charge of stalking. On June 8, 2004, petitioner was indicted by a federal grand jury for threatening to assault and murder U.S. Magistrate Judge Irma C. Ramirez in violation of 18 U.S.C. § 115. Although a federal arrest warrant was issued for petitioner on June 9, 2004, the warrant was never executed. Instead, petitioner was brought to federal court for his initial appearance and arraignment pursuant to a writ of habeas corpus *ad prosequendum.* On July 2, 2004, petitioner filed an application for writ of habeas corpus challenging the detainer, or "hold," lodged against him by federal officials. That action was dismissed for lack of subject matter jurisdiction. *Ruston v. United States of America,* 2004 WL 1960134 (N.D.Tex. Aug.31, 2004), *rec. adopted,* (N.D.Tex. Sept. 3, 2004). [FN1] Dissatisfied with that result, petitioner now seeks federal habeas relief on the grounds that former U.S. Attorney Jane Boyle and others are retaliating against him for filing complaints with the Senate Judiciary Committee, the FBI, and the U.S. Marshal's Service. As relief, petitioner seeks a probable cause hearing and an order dismissing the federal indictment.

FN1. Because petitioner was never taken into federal custody, the court determined that it lacked subject matter jurisdiction to hear the habeas petition under 28 U.S.C. § 2241. *Ruston,* 2004 WL 1960134 at *2.

II.

The sole function of the writ of habeas corpus is to grant relief from unlawful imprisonment or custody. It cannot be used for any other purpose. *See Carson v. Johnson,* 112 F.3d 818, 820 (5th Cir.1997). In order to obtain federal habeas relief, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States [.]" 28 U.S.C. § 2241(c)(3). "Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir.1988), *cert. denied,* 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *see also Pierre v. United States,* 525 F.2d 933, 935-36 (5th Cir.1976) (habeas corpus may not be used to adjudicate matters "foreign to the question of the legality of custody"). The "in custody" determination must be made as of the date the habeas petition is filed. *Spencer v. Kemma,* 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998).

As the court noted in the prior habeas case,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 2
Not Reported in F.Supp.2d, 2004 WL 2187120 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

petitioner has never been taken into federal custody on the charge alleged in the federal indictment. He remains in the custody of the Dallas County Sheriff pending trial on an unrelated state charges. Consequently, this case should be dismissed for lack of subject matter jurisdiction.[FN2]

> FN2. The court notes that petitioner is not entitled to a writ of habeas corpus in any event. As relief, petitioner seeks a probable cause hearing and an order dismissing the federal indictment. However, there is no right to a probable cause hearing after the grand jury returns an indictment. See Fed. R.Crim. P. 5.1(a)(2).

### III.

The court *sua sponte* notes that petitioner has filed five prior civil actions that were dismissed either as frivolous or for failure to comply with a court order. *See Ruston v. Bush,* No. 3-01-CV-0052 (N.D.Tex. Aug. 29, 2001); *Ruston v. Sandoval,* No. 4-00-CV-0341 (E.D.Tex. Dec. 7, 2001); *Ruston v. Bush,* No. 3-01-CV-1818 (N.D.Tex. Jan. 23, 2002); *Ruston v. Dallas County,* No. 3-01-CV-2087 (N.D.Tex. Oct. 15, 2002); *Ruston v. Continental Motel,* No. 3-02-CV-2349 (N.D.Tex. Feb. 28, 2003). Twelve more cases have been filed by petitioner in just the past three months. *Ruston v. Dallas County,* No. 3-04-CV-1437; *Ruston v. United States of America,* No. 3-04-CV-1453; *Ruston v. Teal,* No. 3-04-CV-1462; *Ruston v. Dallas County Sheriff's Dep't,* No. 3-04-CV-1517; *Ruston v. United States of America,* No. 3-04-CV-1522; *Ruston v. Dallas County Sheriff's Dep't,* No. 3-04-CV-1530; *Ruston v. Dallas County,* No. 3-04-CV-1580; *Ruston v. Dallas County,* No. 3-04-CV-1660; *Ruston v. Dallas County,* No. 3-04-CV-1690; *Ruston v. Dallas County,* No. 3-04-CV-1691; *Ruston v. United States of America,* No. 3-04-CV-1804; *Ruston v. Dallas County Sheriff's Dep't,* No. 3-04-CV-1839. Under the Prison Litigation Reform Act, petitioner is automatically barred from proceeding *in forma pauperis* unless he is under "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Another judge in this district recently imposed additional sanctions on petitioner for filing complaints without satisfying this requirement. *Ruston v. Dallas County Sheriff's Dep't,* No. 3-04-CV-1517 (N.D.Tex. Sept. 14, 2004) (directing district clerk to "return any civil complaint subsequently submitted by Lester Jon Ruston unless accompanied by the $150.00 filing fee, or unless Plaintiff has first obtained judicial permission to file a subsequent civil complaint").

*2 A court has an obligation to protect the orderly administration of justice and can issue an injunction to discharge that duty. *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C.Cir.1985). Sanctions also are appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *In re Green,* 669 F.2d 779, 787 (D.C.Cir.1981). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees-indeed, *are not entitled to sue and appeal, period." Free v. United States,* 879 F.2d 1535, 1536 (7th Cir.1989) (emphasis added). Petitioner should be warned that if he persists in filing frivolous lawsuits, the court may impose monetary sanctions and bar him from bringing *any further actions of any kind* without prior court approval. *See Scott v. Stephenson,* 2002 WL 1432373 at *3 (N.D.Tex. Jul.1, 2002) (issuing similar warning to *pro se* litigant with history of filing frivolous lawsuits).

### RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction. In addition, petitioner should be warned that if he persists in filing frivolous lawsuits, the court may impose monetary sanctions and bar him from bringing *any further actions of any kind* without prior court approval.

N.D.Tex.,2004.
Ruston v. U.S.
Not Reported in F.Supp.2d, 2004 WL 2187120 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 3
Not Reported in F.Supp.2d, 2004 WL 2187120 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

• 3:04cv01522 (Docket) (Jul. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.



Not Reported in F.Supp.2d                                                                                                          Page 1

Not Reported in F.Supp.2d, 2004 WL 2339797 (N.D.Tex.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Ruston v. U.S.N.D.Tex.,2004.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas, Dallas Division.
Lester Jon **RUSTON** Petitioner,
v.
UNITED STATES OF AMERICA Respondent.
**No. 3-04-CV-1522-G.**

Oct. 15, 2004.

Lester Jon Ruston, Dallas, TX, pro se.

*ORDER*
FISH, J.
*1 After conducting a review of the pleadings, files and records in this case, and the Findings and Recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the Findings and Recommendation of the Magistrate Judge are correct and they are hereby accepted as the Findings of the Court.

N.D.Tex.,2004.
Ruston v. U.S.
Not Reported in F.Supp.2d, 2004 WL 2339797 (N.D.Tex.)

Briefs and Other Related Documents (Back to top)

• 3:04cv01522 (Docket) (Jul. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.