**EXHIBIT J**



Slip Copy                                                                                                                              Page 1
Slip Copy, 2006 WL 3151292 (N.D.Tex.)
**(Cite as: Slip Copy)**

Ruston v. U.S.N.D.Tex.,2006.Only the Westlaw citation is currently available.
United States District Court,N.D. Texas,Dallas Division.
Lester Jon RUSTON, Plaintiff,
v.
UNITED STATES of America, Defendant.
**No. 3:06-CV-1608-P.**

Nov. 2, 2006.

Lester Jon Ruston, Seagoville, TX, pro se.

### ORDER
JORGE A. SOLIS, District Judge.
*1 After making the review required by 28 U.S.C. § 636(b), the Court finds that the Findings, Conclusions and Recommendation of the Magistrate Judge are correct, and they are adopted as the findings and conclusions of the Court.
PAUL D. STICKNEY, Magistrate Judge.

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### FINDINGS AND CONCLUSIONS

#### I. Parties:

Plaintiff brings this complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). He is confined in a Federal Correctional Institute in Seagoville, Texas, and is proceeding pro se. Defendants are the Honorable Paul Brown, the Honorable Richard Schell, the Honorable Don Bush, FBI agent John Dillon III, and Warden Dan Joslin.

#### II. Statement of the Case:

Plaintiff has previously filed numerous frivolous actions. He is barred from filing in this Court without first obtaining permission. *See Ruston v. U.S.A.,* 3:05-CV-0328-G (N.D.Tex.) (Order entered March 3, 2005). On August 31, 2006, Plaintiff filed a motion seeking permission to file this complaint. On September 1, 2006, the Honorable Chief Judge Fish entered an Order in this case stating:
Ruston complains of perjured testimony and prosecutorial misconduct in his pending criminal case, *U.S.A. v. Ruston,* 3:04-CR191-G (N.D.Tex.). These claims should be addressed in the criminal case by Ruston's attorney if counsel deems it appropriate. Ruston will not be permitted to pursue such claims in a separate civil action.

The Order also states, however, that:Ruston states that his life has been threatened and that he is in imminent danger of serious physical harm. Without additional facts, the court cannot determine if there is any merit to this allegation. Therefore, the court will allow Ruston to proceed in a civil action on this claim.

Therefore, although Plaintiff's complaint and his amended complaints contain numerous claims regarding his conviction, Plaintiff has only been granted leave to proceed with his claim of imminent harm.

Plaintiff claims he is in imminent danger of serious physical injury. He states that his former cellmate, Clayton Bryant Caves, threatened to kill him.

#### III. Preliminary Screening

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                Page 2

Slip Copy, 2006 WL 3151292 (N.D.Tex.)
**(Cite as: Slip Copy)**

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:
The court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

*2 28 U.S.C. § 1915A(a) and (b); see also 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for sua sponte dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted ." A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). The Court finds Plaintiff's claims should be dismissed as frivolous.

### IV. Discussion

Plaintiff alleges he is in imminent danger of serious bodily injury because his former cellmate, Clayton Caves, threatened to kill him. The Eighth Amendment protects prisoners from cruel and unusual punishment. *See Hudson v. McMillan,* 503 U.S. 1, 5 (1992). " '[P]rison officials have a duty ... to protect prisoners from violence at the hands of other prisoners.' " *Johnson v. Johnson,* 385 F.3d 503, 524 (5th Cir.2004) (quoting *Farmer v. Brennan,* 511 U.S. 825, 833-34 (1994)). To succeed on a failure to protect claim, " 'the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm' and that the prison officials acted with 'deliberate indifference' to the inmate's safety." *Id.* (quoting *Farmer,* 511 U.S. at 834). "An official is deliberately indifferent when he 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.' " *Id.* (quoting *Farmer,* 511 U.S. at 837).

In this case, Plaintiff states that he complained to prison officials regarding Caves and asked that he be moved to a different cell. Plaintiff states that Caves was moved to a different cell. He also states that Caves was "written up" by Lieutenant Bennet for making threats against Plaintiff.

Plaintiff has failed to show that prison officials have been deliberately indifferent to his safety. Prison officials have moved Caves to a different cell and have made a disciplinary report against Caves. Plaintiff's claims under *Bivens* regarding a failure to protect should therefore be dismissed as frivolous.

### *RECOMMENDATION*

The Court recommends that Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

N.D.Tex.,2006.
Ruston v. U.S.
Slip Copy, 2006 WL 3151292 (N.D.Tex.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.