IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

LESTER JON RUSTON, )
   PLAINTIFF, )
vs. )
 ) FILED
 ) U.S. DISTRICT COURT
CHURCH OF JESUS CHRIST OF ) CIVIL ACTION 2:06-CV-526-DB
LATTER DAY SAINTS, ET AL ) 2006 DEC -4 P 2:39
   DEFENDANT'S, ) DISTRICT OF UTAH
 BY: DEPUTY CLERK

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, PLAINTIFF, LESTER JON RUSTON, AND FILES THIS, HIS OPPOSITION TO DEFENDANTS NOV. 15, 2006 MOTION TO DISMISS, AND WOULD SHOW THE COURT AS FOLLOWS:

I.

ON OR ABOUT JUNE 19, 2006, PLAINTIFF FILED A MOTION FOR LEAVE TO PROCEED I.F.P. ON THIS MATTER AS A CIVIL DETAINEE, HELD ILLEGALLY UNDER 18 U.S.C. SECTION 4241(D), DUE TO THE ACTIONS OF THE DEFENDANTS. SAID MOTION WAS GRANTED ON JUNE 29, 2006 BY THE HONORABLE JUDGE SAMUEL ALBA. PLAINTIFF IS AN INDIGENT CIVIL DETAINEE, AND IS NOT SUBJECT TO THE PRISON LITIGATION REFORM ACT, CITING PERKINS V. HEDRICK, 340 F.3d 582 (8TH CIR. 2003) AND AS STATED, CLEARLY, IN MOTION TO PROCEED I.F.P. THE DEFENDANTS HAVE PURPOSELY EXCLUDED THESE "FACTS" IN THEIR FILING. THE COMPLAINT IS NOT LEGALLY FRIVOLOUS, AND A DISTRICT COURT IS UNDER AN OBLIGATION TO DETERMINE IF A COMPLAINT STATES ALLEGATIONS UPON WHICH RELIEF CAN BE GRANTED, SEE 18 U.S.C. SECTION 1962, AS CLEARLY ARTICULATED IN MOTION FOR DEFAULT JUDGEMENT, FILED ON SEPT. 11, 2006, AND IN RULE 15 AMENDMENT AND SUPPLEMENTATION TO COMPLAINT, FILED ON THE 14TH OF JULY, 2006.

II.

PLAINTIFF CLEARLY STATED A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN HIS AFFIDAVIT OF R.I.C.O. ALLEGATIONS, UNDER 18 U.S.C.

-1-

SECTION 1962. FURTHER, THE DEFENDANTS HAVE ENGAGED IN R.I.C.O. RACKETEERING ALLEGATIONS, AND HAVE CONSPIRED WITH "STATE" OFFICIALS, ACTING UNDER COLOR OF LAW, WHICH IS "PUBLIC RECORD" IN RUSTON V. DALLAS COUNTY, ET AL, 3:06-CV-1582-M N.D. TEXAS, DALLAS DIVISION, PURPOSELY SUPPRESSED BY THE DEFENDANT'S COUNSEL, AS WELL AS THE <u>GRANTING</u> OF I.F.P. STATUS IN RUSTON V. WWE, 06-CV-711-AHN CONNECTICUT DISTRICT COURT MOTION TO PROCEED I.F.P. ON APPEAL BY JUDGE ALAN NEVAS. <u>BECK V. PRUPIS</u>, 529 U.S. 494 (2000) CLEARLY STATES THAT A VICTIM OF R.I.C.O. RACKETEERING ALLEGATIONS HAS A CIVIL CAUSE OF ACTION, UNDER 18 U.S.C. SECTION 1962, AS ARTICULATED IN PLAINTIFF'S AFFIDAVIT TO THE COURT ON AUGUST 12, 2006.

### III.

THE SUPREME COURT CLEARLY RULED A PRISONER HAS A <u>RIGHT</u> TO PROTECTION, AS ARTICULATED IN THIS COMPLAINT, IN <u>DAVIDSON V. CANNON</u>, 474 U.S. 898, 88 L.Ed.2d 222, 106 S.Ct. 222 (1985). FOLLOWING THE FILING OF THIS COMPLAINT, THE DEFENDANTS, UPON INFORMATION AND BELIEF, CONSPIRED WITH STATE OF TEXAS <u>AND</u> FEDERAL OFFICIALS, ACTING UNDER COLOR OF LAW, TO "RETALIATE" AGAINST THE PLAINTIFF WITH A VIOLATION OF CFR 541.22 WITH ADMINISTRATIVE DETENTION, AND YET ANOTHER "DEATH THREAT", WHICH IS EXHIBIT "J" OF THE DEFENDANTS MEMORANDUM IN SUPPORT OF MOTION TO DISMISS, NOW ON APPEAL.

### IV.

SERVICE SHOULD BE MADE BY THE U.S. MARSHAL'S SERVICE, PURSUANT TO RULE 4, AND IS <u>OUT</u> OF THE CONTROL OF THE PLAINTIFF. THE COURT GRANTED I.F.P. STATUS, THEREFORE, SERVICE SHOULD BE EFFECTED BY THE U.S. MARSHAL'S UPON THE COURT'S ORDER. THE DEFENDANTS CLAIM TO HAVE <u>NOT</u> BEEN SERVED, YET HAVE QUOTED THE COMPLAINT, VERBATIM, IN THEIR MEMORANDUM!

## V.

The Supreme Court clearly ruled pro-se filings must be construed "liberally", see <u>Haines v. Kerner</u>, 404 U.S. 519. All listed members of the defendants are or were members of the church "defendants", and acting as "agents" of the church during all allegations in this complaint. If Gordon B. Hinckley would "consult" his "infamous" church records, he could, and probably <u>has</u> easily determined this, as <u>will</u> Rules 33 <u>and</u> 34 of the Fed. R. Civ. P. Hinckley <u>refuses</u> to remove the plaintiff's name from <u>his</u> records, in violation of the 1st, 4th, 5th, 6th, 8th and 14th amendments to the U.S. Constitution, in criminal violation of 18 U.S.C. sections 241, 242, 247, 1201, 2340 <u>and</u> 1961, giving rise to this claim, which is most certainly <u>not</u> barred by the First Amendment, as falsely stated by counsel for defendants. Defendants continue to suffer "delusions" that they supercede Congress <u>and</u> the Supreme Court, in furtherance of criminal violations of 18 U.S.C. sections 1961 and 2383.

## VI.

Plaintiff objects to further "false" claim of page 12, which falsely states "allegations are so sensational as to be beyond belief, such as claim that the defendants "conspired to infiltrate the F.B.I. ... to obstruct justice in the federal crimes committed by their members". Said claim is slander and libel. This intelligence was provided by licensed federal public defenders and is easily proven via Rule 34 "discovery" of F.B.I. recruiting records at Brigham Young University. Further, plaintiff has personally investigated the case U.S. v. Morrison, 415 F.3d 1180 (10th Circuit 2005), in which the defendants show "causation" with F.B.I. agents

-3-

against "enemies" of this alleged "cult". Defendants claims are frivilous and they continue to insult this courts intelligence, and suppress evidence which is "public record", and easily substantiated.

VII.

The defendants have conspired with B.O.P. staff to violate CFR 541.22, again, and Plaintiff is being held in administrative detention and denied access to various courts, as held in <u>Allah V. Seiverling</u> 229 F.3d 220 (3rd Cir. 2000). The Supreme Court has clearly ruled that administrative detention cannot be used without due process, nor in retaliation for civil actions in <u>Hewitt V. Helms</u>, 459 U.S. 460 (1983) and <u>Turner V. Safely</u>, 482 U.S. 78 (1987), yet B.O.P. "staff" continue to do so at this filing, under the direct influence of B.O.P. staff by the defendants. Jay Richard Morrison is currently being held and "battered" in this facility by forced medication, as held in <u>Bee V. Greaves</u>, 744 F.2d 1387, (10th Cir. 1984), which clearly shows "causation" against defendant Gordon B. Hinckley, who is an alleged torture sadist.

VIII.

Plaintiff <u>clearly</u> cited 18 U.S.C. 1961 <u>and</u> 1962 in his complaint, which is suppressed by counsel for defendants in their filings. All listed defendants have engaged in bribery, witness tampering, mail fraud, wire fraud effecting interstate <u>and</u> foreign commerce, through the <u>Zion</u> banks. Mel Chadwick is a <u>former</u> bishop of Dallas 6th Ward and now a church patriarch, who bribed defendant Allison E. Smith, Plaintiff's sister <u>and</u> Ian James Ruston, Plaintiffs brother, to violate his constitutional rights, and steal and damage his property <u>and</u> business. Larry K. Hercules is a Mormon lawyer, who aided <u>and</u> abetted

-4-

THESE CRIMES, AND ENGAGED IN EXTORTION WITH RUSTON-SMITH AND IAN JAMES RUSTON, D.B.A. DALLAS COMPRESSOR COMPANY, WHICH IS "PUBLIC RECORD", ALLUDED TO IN COMPLAINT, IN PRECINCT 1, PLACE 1, DALLAS COUNTY MUNICIPAL COURT IN RUSTON V. DALLAS COMPRESSOR. THESE R.I.C.O. RACKETEERING ACTIONS ARE REASONED, NON FRIVILOUS "PUBLIC RECORD", AS HELD IN <u>LISTER V. DEP'T OF TREASURY</u>, 408 F.3d 1309, 1312 (10TH CIR. 2005). PLAINTIFF CLEARLY STATED A "CLAIM" UNDER 18 U.S.C. SECTION 1962, ALL CLAIMS RELATED TO "ACTORS", AS ALLEGED ON PAGE 12, DEMONSTRATE A CONSPIRACY TO ENGAGE IN R.I.C.O. RACKETEERING ACTIVITIES. DEFENDANT JERRY HENDERSON IS THE "MORMON" MISSIONARY WHO BRAINWASHED VICTOR <u>AND</u> MARGARET RUSTON TO ENGAGE IN RACKETEERING ACTIVITY. HENDERSON IS A NOTORIOUS INCOME TAX EVADER, WHO RECRUITED VICTOR RUSTON TO "HARBOR" HIM WHILE HE WAS A FUGITIVE FROM JUSTICE IN 1975, IN BROOMFIELD, COLORADO, WITNESSED BY PLAINTIFF AND REPORTED TO I.R.S. AGENTS, FOR WHOM PLAINTIFF IS AN INFORMANT. PLAINTIFF HAS PERFORMED "CONTRACT" WORK FOR THE TREASURY DEPARTMENT SINCE 1980, UNDERCOVER, AND <u>WARNED</u> HENDERSON TO STAY AWAY FROM HIS FATHER, REPEATEDLY, FOLLOWING HENDERSON'S DERANGED ANTI GOVERNMENT RHETORIC <u>AND</u> WACO "THE BIG LIE" TAPES GIVEN TO DEFENDANT, VICTOR JAMES RUSTON. PLAINTIFF REPORTED HENDERSON'S INSANITY TO DALLAS F.B.I. FOLLOWING THE BOMBING OF THE OKLAHOMA CITY FEDERAL BUILDING, DUE TO HIS INCITING ANTI-GOVERNMENT HATRED, IN VIOLATION OF 18 U.S.C. SECTION 2383. DEFENDANT BRAD OATES IS THE FORMER BISHOP OF DALLAS 4TH WARD, WHO "BRIBED" PLAINTIFF, WITH CASH, IN 2003, TO NOT "BLAME" MORMONS FOR THE RACKETEERING ACTIONS OF HIS FAMILY, EASILY DETERMINED BY PHONE RECORDS AND MORMON "<u>RECORDS</u>", SUPPRESSED BY DEFENDANT GORDON B. HINCKLEY, HIS "MODUS OPERANDI".

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF LESTER JON RUSTON DOES FILE THIS OPPOSITION TO DEFENDANTS MOTION TO DISMISS, AND DOES MOVE THIS COURT TO SUSTAIN THESE OBJECTIONS, ALLOW PLAINTIFF TO PROCEED I.F.P., AND TO ORDER THE U.S. MARSHAL'S TO ISSUE SERVICE TO DEFENDANTS, PURSUANT TO RULE 4 FED. R. CIV. P.

RESPECTFULLY SUBMITTED,

LESTER JON RUSTON #26834-177
(TEMP ADDRESS) P.O. BOX 4000
SPRINGFIELD, MISSOURI 65801

CERTIFICATE OF SERVICE

A TRUE AND CORRECT COPY OF THE FOREGOING INSTRUMENT WAS PROVIDED TO THE CLERK OF THE COURT BY PLACING AN ORIGINAL DOCUMENT IN THE INMATE MAIL BOX ON NOV. 28, 2006, WITH FIRST CLASS POSTAGE AFFIXED. PLAINTIFF CANNOT SERVE DEFENDANTS, DUE TO VIOLATION OF CFR 541.22, AND DOES MOVE THIS HONORABLE COURT TO ASSIST WITH SERVICE, PURSUANT TO 28 U.S.C. SECTION 1915.

Les J. Ruston #26834-177
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

RE: 2:06-cv-526-06
Legal Mail

SPRINGFIELD MO 658
29 NOV 2006 PM 2 L

United States District Court
Attn. Clerk of the Court
350 S. Main Street
Salt Lake City, Utah 84101

84101+3108