Matthew K. Richards (#7972)
Justin W Starr (#10708)
KIRTON & McCONKIE
60 East South Temple, #1800
P.O. Box 45120
Salt Lake City, Utah 84111
Telephone:   (801) 328-3600
Facsimile:    (801) 321-4893

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LESTER JON RUSTON,<br><br>    Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; GORDON B. HINCKLEY; VICTOR JAMES RUSTON; MARGARET ELIZABETH RUSTON; JERRY HENDERSON; ALLISON RUSTON-SMITH; MEL CHADWICK; KENT ROBERTSON; IAN JAMES RUSTON; BRAD OATES; AND LARRY K. HERCULES,<br><br>    Defendants. | **REPLY BRIEF IN SUPPORT OF THE CHURCH DEFENDANTS MOTION TO DISMISS AND MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO AMEND COMPLAINT**<br><br>Case No.:  2:06cv00526DB<br><br>Judge Benson |

    Defendants The Church of Jesus Christ of Latter-day Saints ("LDS Church" or "the Church"), Gordon B. Hinckley, and any other defendant (if any) sued in his or her capacity as an ecclesiastical leader in the LDS Church (the "Church Defendants"), through counsel, submit this Reply Brief in Support of their Motion to Dismiss the Complaint and Memorandum in Opposition to Plaintiff's Motion to Amend Complaint.

**INTRODUCTION**

Plaintiff does not dispute that he has had three or more previous complaints dismissed because they were frivolous. Instead, he contends that the Prisoner Litigation Reform Act (PLRA) does not apply because he is a "civil detainee" under 18 U.S.C. § 4241 and not a "prisoner" under the PLRA. Detainees under § 4241, however, are clearly prisoners under the PLRA. Even if he were not a prisoner, however, 28 U.S.C. § 1915(e) still requires dismissal of frivolous or malicious complaints when the Plaintiff is proceeding *in forma pauperis*. Finally, any amendment to the Complaint would be futile and should not be permitted.

**ARGUMENT**

**A. Plaintiff is a "prisoner" under the PLRA.**

The PLRA defines *prisoner* as "any person incarcerated or detained in any facility who is <u>accused of</u>, convicted of, sentenced for, or adjudicated delinquent for, <u>violations of criminal law</u> or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h) (emphasis added). Plaintiff contends that he is a "civil detainee" being held under 18 U.S.C. § 4241. The Church Defendants have not verified Plaintiff's status. However, even taking him at his word, he is clearly a "prisoner" within the meaning of the PLRA.

Section 4241 is a provision used to determine the mental competency of federal prisoners "<u>after the commencement of a prosecution for an offense</u> and prior to the sentencing of the defendant." In other words, § 4241 applies only to those who have been "accused of" committing a federal crime. Addressing a similar state statute, the Seventh Circuit in *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004), stated that "everyone covered by this statute is a pretrial detainee: a person charged with a felony, whose criminal proceedings are held in abeyance during treatment for mental illness." And "[p]retrial detainees are 'prisoners' for

purposes of the PLRA because they are in custody while 'accused of . . . violations of criminal law.'" *Id*.

As if this were not enough, the return address on Plaintiff's most recent filing is the "Medical Center for <u>Federal Prisoners</u>" in Springfield, Missouri. See Exhibit A. Even the name of the facility gives away Plaintiff's attempt to classify himself as a civil detainee. The PLRA applies to prisoners "while incarcerated or detained in any facility." 28 U.S.C. § 1915(g).

In sum, there is no doubt that Plaintiff was a prisoner when he filed the Complaint in this action. He has had more than three previous complaints dismissed as frivolous under 28 U.S.C. § 1915(e). Therefore, "[i]n no event" can this Complaint go forward unless he pays the filing fee. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) ("Section 1915(g), the 'three strikes' provision of the [*in forma pauperis*] statute applicable to indigent prisoners, requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts may consider their civil actions and appeals."). Plaintiff should be ordered to pay the filing fee.

### B. Dismissal of a frivolous IFP Complaint is required regardless of whether the plaintiff is a prisoner.

"Under 28 U.S.C. § 1915(e), <u>which governs IFP filings in addition to complaints filed by prisoners</u>, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County, South Carolina*, 434 F.3d 725, 728 (4th Cir. 2006) (emphasis added). *See also Fogle v. Pierson*, 435 F.3d 1252, 1257 (10th Cir. 2006) (Section 1915(e) "requires a district court to dismiss the complaint of a party proceeding [*in forma pauperis*] whenever the court determines that the claims are frivolous.").

As previously noted, Plaintiff's allegations of "torture," "brainwashing" and conspiracies are not supported by any discernible factual allegations and do not constitute cognizable claims. The allegations of constitutional violations are conclusory and fail because the defendants are not

state actors. And many allegations relate to actors with no relation to the named defendants and who are not named in the Complaint (*see, e.g.*, Complaint at ¶ 25) or apply indiscriminately to "defendants" without identifying what any individual defendant has done. Finally, in most instances the Complaint fails to make any allegations against individual defendants. There is simply no cognizable claim against any Church Defendant named in the Complaint, nor any basis for holding the Church liable as the principal for any individually named defendant.

### C. Any discernible claim is barred by the First Amendment.

To the extent the Complaint alleges anything against the LDS Church or any of its officers, those claims are barred by the First Amendment. *See Franco v. The Church of Jesus Christ of Latter-day Saints*, 2001 UT 25 ¶23, 21 P.3d 198. In his Memorandum in Opposition, for example, Plaintiff alleges that the Church has refused to remove his names from its records. Whether or not that it is true, it is a matter of Church policy and religious doctrine. Claims that would "necessarily entangle the court in the examination of religious doctrine, practice, or church polity [are] prohibited by the Establishment Clause." *Id.* at ¶ 17 (citing cases). Most of the allegations in the Complaint that relate to the Church Defendants are of attempts to convert Plaintiff's family to the LDS Church or attempts to keep Plaintiff and his son in the Church. These claims are simply not cognizable under the law.

### D. Amending the Complaint would be futile.

A plaintiff should not be permitted to amend a complaint when doing so would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is futile if the complaint, as amended, would still be subject to dismissal. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999). Plaintiff proposes to amend the Complaint to allege (1) that individually named defendants acted as agents of the Church; (2) that Defendant Gordon B.

Hinckley ordered the other defendants to engage in RICO crimes; and (3) predicate RICO acts. These proposed amendments cure none of the defects in the Complaint.

Starting with the latter; permitting Plaintiff to amend the Complaint to allege these predicate RICO acts would be futile because they are simply a laundry list of crimes, including "theft, bribery, narcotics sales, income tax evasion, witness tampering, jury tampering, mail fraud and wire fraud . . . ." Motion to Amend at 3. None of these alleged crimes are supported by any factual allegations, nor could they be. This renders futile any amendment alleging that Defendant Gordon B. Hinckley ordered the other defendants to engage in these acts. Finally, even if the Complaint were amended to allege that other defendants acted as agents of the Church, it still fails to state a claim against those individual defendants and therefore provides no basis for respondeat superior liability against the Church.

## CONCLUSION

For the reasons set forth above and in the Church Defendants' Memorandum in Support of Motion to Dismiss, the Court should dismiss the Complaint for failure to pay the filing fee, because the Complaint is frivolous and fails to state a claim, or, alternatively, for failure to serve process.

DATED this 20th day of December, 2006.

                                                KIRTON & McCONKIE

                                                /s/_____
                                                Matthew K. Richards
                                                Justin W Starr
                                                Attorneys for The Church of Jesus Christ of Latter-day Saints and Gordon B. Hinckley

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2006, I caused a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be mailed to the following:

>Lester J. Ruston, Reg. No. 26834-177
>Federal Correctional Institution
>P.O. Box 9000
>Seagoville, TX 75159-9000

>_/s/ Debra Domenici_____

933091/01