IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | | |
|---|---|---|
| LESTER JON RUSTON, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 2:06-CV-526 DB |
| CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, et al. | § | |
| | § | |
| Defendants, | § | |

PLAINTIFF'S OMNIBUS TRAVERSE TO DEFENDANT'S MOTION TO STRIKE
MOTION FOR SANCTIONS

Comes now, Plaintiff, Lester Jon Ruston, and files this, his Omnibus Traverse to Defendant's Motion to Strike and Motion for Sanctions and would show this Honorable Court as follows:

I.

Defendant's have filed to "strike" Plaintiff's Traverse, filed on or about January 26, 2007, as they have expressed "fear" of reality and the truth. Plaintiff does hereby "thank" the Defendant's for filing to "strike" paperwork, instead of sending their Elders and High Priests to "strike" Plaintiff in his head with their fists and hands, for a welcome change. Plaintiff opposes this frivilous filing to the Court, and does enclose Exhibit "A" attached, 3 pages, as clear and compelling proof of a conspiracy by the Defendant's to violate the civil and constitutional rights of the Plaintiff with both State **and** Federal actors, acting under color of law, with Defendant's Allison Ruston-Smith and Margaret Elizabeth Ruston, which the Defendant's are attempting to deny by fraud, their modus operandi.

II.

Plaintiff has clearly stated a claim upon which relief can be granted, the deprivation of constitutional rights under color of law, and the willful destruction of his small business in violation of the R.I.C.O. Racketeering Act, 18 U.S.C. § 1961-1964, as clearly plead in this complaint and amended complaint.

-1-

MOTION FOR SANCTIONS

Plaintiff has served counsel for Defendant's a Rule 11 letter, and has specifically instructed them to cease and desist all further acts of fraud, and not to tender any further fraudulent instruments to this Court or to any other Court around the United States against the Plaintiff.

The Defendant's have ignored this letter and notice, and have continued to file fraudulent documents to this Honorable Court, to aid and abett R.I.C.O. Racketeering Enterprises in which they maintain a financial interest, and to aid and abett federal crimes perpetrated against the Plaintiff by their criminally insane "cult" members, none of whom recognize the United States Constitution.

Defendant Allison Ruston-Smith, self proclaimed spokesperson for this "cult", has engaged in interstate stalking acts with Defendant's Gordon B. Hinckley and Kent Robertson, as clearly plead in this matter, easily demonstrated to a jury at trial and by depositions, subject of Plaintiff's Motion to Appoint Counsel.

Allison Ruston-Smith is further engaged in kidnapping and torture crimes with all listed Defendant's, as well as **former** District Attorney Bill Hill of Dallas County and **former** District Attorney Tom O' Connell of Collin County, Texas. Both of these insane "officials" have been run out of office for fraud and civil rights crimes with Allison Ruston-Smith and Ian James Ruston, two filthy, lying, drug dealing thieves, who have attacked the Plaintiff unmercifully since his baptism on May 31, 1995, which the Defendant's refuse to accept or acknowledge, in violation of his 1st Amendment rights, pursuant to the U.S. Constitution, and in criminal violation of 18 U.S.C. §'s 241, 242 and 247.

Defendant's continue to engage in "witness tampering" with rogue officials of the Justice Department, currently under review at the office of Eileen J. O' Connor, Assistant Attorney General of the United States, in Washington, D.C., a "fact" the Defendant's continue to suppress from this Honorable Court in furtherance of their criminal enterprises.

Wherefore, premises considered, Plaintiff, Lester Jon Ruston, does file this, his Omnibus Traverse to Defendant's Motion to Strike and Motion for Sanctions, and would move this Honorable Court to sustain all Plaintiff's objections, to deny all Defendant's frivolous filings in their entirety, and to issue sanctions against the Defendant's for all reasons asserted herein.

Respectfully Submitted,

Lester Jon Ruston #26834-177
P.O. Box 9000
Seagoville, Texas 75159
(new temp address pending release)

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was provided to the clerk of the court on this 26th day of February, 2007, by placing such in the inmate mail box with first class postage affixed, pursuant to the Fed.R.Civ.P. One copy was provided to the Defendant's at the address listed below, pursuant to Rule 5 of the Fed.R.Civ.P.

_____
Les J. Ruston

Kirton & McConkie
Matthew K. Richards
Justin W. Starr
60 East South Temple, #1800
P.O. Box 45120
Salt Lake City, Utah 84111

## Psychological Evaluation

Name:                          Lester Ruston
Register Number:               26834-177
Case Number:                   3:01-CR-178-X
Date of Birth:                 September 17, 1957
Dates of Evaluation:           June 11, 13, 27; July 9, 20, and 24, 2001
Date of Report:                August 16, 2001
Evaluator:                     Jim Womack, Ph.D.

### Identification and Reason for Referral

The Honorable Judge Joe Kendall, United States District Judge, Northern District of Texas, ordered an evaluation of competence to stand trial and mental state at the time of the alleged offense with regard to Lester Ruston be completed pursuant to the provisions of United States Federal Code, Title 18, Sections 4241 and 4242. Mr. Ruston is a 43-year-old, divorced, Caucasian male charged with Threatening a Federal Law Enforcement Officer. He arrived at the Federal Medical Center (FMC) in Fort Worth, Texas, on June 11, 2001, to begin his evaluation.

Mr. Ruston was warned of the limits of confidentiality prior to the initiation of the evaluation. He was informed that the usual doctor/patient relationship would not exist. He was told a report would be prepared for the court based on his history and current mental status. He was able to restate this warning in his own words and showed a good understanding.

### Evaluation Procedures

Clinical Interviews (5.25 hours)

Collateral Interviews

    Tom Hamilton, Assistant United States Attorney, June 13, 2001 (.20 hour)

    Carlton C. McClarty, Assistant Federal Public Defender, June 13 and July 25, 2001
        (.30 hour)

    Special Agent Jeffery Elmore, United States Secret Service, June 13, 2001 (.10 hour)

    Allison Smith, Sister, June 27 and July 31, 2001 (.70 hour)  [handwritten annotation: WITNESS TAMPERING]

    Brett Ruston, Son, June 29, 2001 (.40 hour)

    Margaret Ruston, Mother, July 31, 2001 (.60 hour)

Psychological Evaluation
RUSTON, Lester
Register Number 26834-177

Psychological Tests:

    Minnesota Multiphasic Personality Inventory - II (MMPI-II)

Attended Competency Group ten times

Review of Records:

    National Criminal Information Center (NCIC) Record, dated June 13, 2001 (8 pages)

    Court Order Requesting Psychiatric Examination, dated May 30, 2001 (2 pages)

    United States Marshals Tracking Sheet, dated May 11, 2001 (1 page)

    Records from Carlton C. McClarty, Assistant Federal Public Defender, various dates (161 pages)

    Records from Sergeant Patrick Mulkern, Criminal Intelligence Unit, Plano, Texas, various dates (66 pages)

    Eight voice mail messages of the defendant to various parties, from December 12, 2000, to May 7, 2001, provided by Sergeant Patrick Mulkern, Criminal Intelligence Unit, Plano, Texas

    Records from Special Agent Michael A. Pritchard, United States Secret Service, various dates (5 pages)

    Voice mail recording of the defendant to Special Agent Thigpen, United States Secret Service, dated April 2, 2001

### Background Information

The defendant's reported social history will be given in its entirety despite the questionable reliability of his account. He indicated he was born in Salt Lake City, Utah, to a Margaret and Victor Ruston, where he resided for the first nine years of his life prior to moving to Kansas City, Kansas, for three years, and then subsequently to Dallas, Texas. He volunteered his parents were divorced in 1976, but initially denied having any current knowledge of them as he is "estranged from them." His mother indicated the divorce occurred in 1977. He stated, "As far as I know they are in a cult and have mental problems." At a latter point in the interview, he volunteered his father remarried briefly after the divorce and stated, "He's [father] in a cult. Mormons."

2

Psychological Evaluation
RUSTON, Lester
Register Number 26834-177

When asked if he had any knowledge of the presence of mental health problems as it applied to either of his parents or any of his grandparents, he said, "[I'm] uncertain. Denial of my father would be one. Same as mother. He abused us." Later in this same interview the defendant asserted his father was abusive to him and an older sister as he claimed he was "beaten with objects and hand. [He] was emotionally verbally abusive." He claimed to have attempted to speak with both parents about his mistreatment but explained when he did so "they shut down." He volunteered information about his mother's possible mental health status, after claiming to not know anything about her, when he stated, "Mom tried to kill herself on many occasions." His mother acknowledged a period of suicidality in her past and indicated there was no history of mental illness in the grandparents' lives as far as she knew. She corroborated the defendant's report of her being placed in an orphanage at a young age, which she depicted as a very difficult experience. The defendant's sister, Allison Smith, informed this writer her parents had a "pretty normal relationship" with their children, and she denied her father had been either physically or verbally abusive to any of the children. She also indicated neither of her parents had required any mental health care. She did report a grandfather had abused both herself and a sister but did not think the defendant had been a victim of this treatment. Allison reported, it was her opinion the defendant blamed all of his life's problems on either his childhood experiences or others. When asked directly if he had been sexually abused by a grandfather, the defendant indicated he did not think so. The defendant's mother indicated the defendant's father had not been an abusive father and did not drink alcohol, <u>as he was a devout Mormon</u>. She did recall a period of heightened conflict between the defendant and his father at meal times that continued to transpire into the defendant's adolescence. Reportedly, the father would require his son to eat vegetables when the latter did not want to do so. The mother indicated the conflict would become so unpleasant she would have to leave the room. She noted, the defendant acted as his father had while attending their respective sons' athletic events. She indicated her ex-husband had become overly emotionally involved while attending the defendant's soccer matches and "would get in the referees' faces." She indicated the defendant became even more involved and inappropriate at his son's events.

The defendant did not know of any criminal, drug, or alcohol problems as pertaining to either of his parents, a belief held by his sister Allison, as well. He did not have any information about his father's current physical health status but asserted his mother had epilepsy requiring medication. His mother reported she had experienced a hormonally induced seizure activity while pregnant with the defendant and subsequently had stopped taking any medications with the approval of her physician.

The defendant reported he has four sisters and one brother. He listed their names and ages as follows: "Sharon, age 46; Allison, age 42; Ian, age 38; Jessica, about 35; and Melanie, about 31." He depicted his childhood relationship with his siblings as "good." The defendant claimed to have little current knowledge of any of siblings other than Allison and Ian. When asked about

Name Les J Lusk(?)
Reg. No. 26851-177
FEDERAL CORRECTIONAL INSTITUTION
P.O. Box 9000
Seagoville, TX 75159-9000

2:06-CV-526-DB

* LEGAL MAIL

DALLAS TX 752
01 MAR 2007 PM 4 L

U.S. DISTRICT COURT
ATTN. CLERK OF THE COURT
350 S. MAIN ST.
SALT LAKE CITY, UTAH 84101