IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LESTER JON RUSTON,<br><br>      Plaintiff,<br><br>vs.<br><br>CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No: 2:06-CV-526 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

Plaintiff Lester Jon Ruston, a federal prisoner, filed a civil rights complaint naming as defendants the Church of Jesus Christ of Latter-Day Saints, several individuals who apparently are sued in their capacity as ecclesiastical leaders of the Church ("Church Defendants"), and other individuals who appear to be members of Ruston's family.[1] The Church Defendants have filed a motion to dismiss the complaint for failure to pay the filing fee, and because it is frivolous and fails to state a claim upon which relief can be granted.[2] For the reasons discussed below, the court concludes that Ruston must pay the filing fee before this case can proceed.

The *in forma pauperis* statute authorizes the court to allow an indigent prisoner to file a complaint in federal court without prepayment of the filing fee.[3] At the same time, it also places

---

[1] Because Ruston is proceeding pro se, the court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] Motion to Dismiss, docket no. 11, filed November 15, 2006.

[3] 28 U.S.C. § 1915(a).

restrictions on prisoners who have repeatedly filed frivolous complaints. The relevant portion of the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[4]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[5]

The court previously granted Ruston permission to proceed in this case without prepayment of fees under 28 U.S.C. § 1915.[6] At that time, however, the court was unaware that Ruston had filed numerous complaints in the United States District Court for the Northern District of Texas that were dismissed as frivolous or barred by the "three-strikes" provision of section 1915(g).[7] As observed by the Tenth Circuit, "a federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[8]

Section 1915(g) applies in this case because (1) Ruston was a prisoner at the time he filed this complaint; and (2) he previously has filed three or more cases in federal court that have been

---

[4] 28 U.S.C. § 1915(g).

[5] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)(quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)).

[6] Order on Application to Proceed Without Prepayment of Fees, docket no. 2, filed June 30, 2006.

[7] See the Church Defendants' Memorandum in Support of Motion to Dismiss ("Supporting Memorandum") at 2-6, docket no. 12, filed November 15, 2006. Copies of the Northern District of Texas Court's rulings are attached to the Supporting Memorandum as Exhibits A through J.

[8] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998)(citing *St. Louis Baptist Temple, Inc. v FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

dismissed as frivolous. As the Church Defendants argue, the language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.[9]

In opposition to the motion to dismiss, Ruston argues that he is not a "prisoner" within the meaning of the statute. He states that he is a "civil detainee" under 18 U.S.C. § 4241[10] which concerns the determination of mental competency to stand trial or to undergo post-release proceedings. Although it is not clear, Ruston apparently contends that he is not subject to the prepayment requirement because he has not yet been convicted of a crime. Ruston's argument is unavailing, however, because a "prisoner" within the meaning of section 1915 includes "any person incarcerated or detained in any facility who is *accused of* . . . violations of criminal law."[11] Ruston's own complaint reveals that he is a pre-trial detainee.[12]

In an attempt to avoid the operation of section 1915(g), Ruston alleged in his complaint that he "is in imminent danger of serious physical injury, has had multiple attempts made to murder him, and is now being threatened with 'forced medication', due to a conspiracy by the Defendants."[13] Ruston's allegations concerning imminent danger are conclusory and lack any supporting facts whatsoever. For example, he does not state the nature of the imminent danger of

---

[9] *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001).

[10] Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opposition') at 1, docket no. 13, filed December 4, 2006.

[11] 28 U.S.C. § 1915(h)(emphasis added).

[12] Complaint ¶ 5.

[13] *Id*.

serious physical injury that he is allegedly facing, who attempted to murder him, the circumstances under which the murder attempts occurred, or the time frame. Similarly, Ruston provides no facts to support the alleged threat of forced medication. Other than conclusorily alleging the existence of a conspiracy, Ruston has provided no facts to suggest that any of the named defendants somehow present an imminent danger of serious physical injury, or that any of them or in a position to prevent such an injury from occurring.

In this regard, the court also notes that Ruston repeatedly alleged "imminent danger" in complaints filed in the Northern District of Texas. However, the district court determined that Ruston's allegations were merely conclusory, and presented no claim that he was in danger of physical injury. The court therefore dismissed the complaints, eventually imposing additional sanctions because Ruston persisted in filing frivolous complaints without demonstrating a true imminent danger of physical injury under the three-strikes provision.[14]

The Tenth Circuit has found similarly vague and conclusory allegations to be insufficient to bring a prisoner within the "imminent danger" exception to section 1915(g).[15] As the Church Defendants point out, if a prisoner could overcome the "three strikes" provision through unsupported allegations of "imminent danger," the provision would serve no purpose.[16] Accordingly, the court concludes that Ruston has failed to raise a credible allegation of imminent

---

[14] See Supporting Memorandum at 4-5; Ex. E-H.

[15] *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

[16] Supporting Memorandum at 10.

danger of serious physical harm, and therefore, he does not come within the exception to section 1915(g).

## ORDER

Ruston is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous, and the complaint does not fall within the three-strikes exception.[17]  Therefore, Ruston is **DENIED** leave to proceed without prepayment of fees.  He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order.  Failure to do so will result in the dismissal of the complaint.

August 13, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[17] 28 U.S.C. § 1915(g)